WILLIAM THOMPSON

*v.*

LUTHER DEARBORN *et al.*

*Filed at Springfield March 29, 1883—Rehearing denied June Term, 1883.*

1. DEFAULT—*what is admitted thereby.* The default of a defendant in a bill in chancery admits such facts as are properly alleged in the bill, but not their sufficiency to authorize the decree sought.

2. CONTRACT *to pay a third person—who may sue—Statute of Frauds.* Where one person enters into a simple contract with another for the benefit of a third person not a party thereto, the latter may maintain an action for the breach, and such a contract is not within the Statute of Frauds.

3. PURCHASER—*subject to prior incumbrance—assuming payment thereof—of his personal liability.* Where a person becomes the purchaser of real estate by deed, which is incumbered by mortgage, and in the deed it is stipulated and agreed that the purchaser assumes and is to pay the mortgage debt as a part of the consideration, the contract creates a personal liability on the purchaser, which may be enforced in an appropriate action.

4. The mere fact, however, of the execution and acknowledgment of a deed for land by a mortgagor, with a clause therein that the grantee should pay the mortgage indebtedness, and its being recorded, is not sufficient to

create a personal liability on the part of the grantee to pay such indebtedness. To bind him, it must be further alleged and proved that he assented to such clause, and this may be shown by proof that he signed and sealed the deed, or that the deed was delivered to and accepted by him. By the acceptance of the deed his assent to all it contains may be inferred.

5. In a suit in equity by a mortgagee against the grantee of the mortgagor, to obtain a personal decree for the sum due on the mortgage, the bill alleged that the mortgagor and wife, by their deed of a certain date, under their hands and seals, duly acknowledged according to law, sold and conveyed all the premises described in the mortgage to the defendant, in and by which deed the defendant assumed payment of said mortgage, and covenanted and agreed to pay the same as part of the consideration or purchase money to the grantors for the land, which deed was duly recorded, etc.: *Held*, that the averments of the bill, which was taken for confessed, were not sufficient to authorize a personal decree against the defendant for the mortgage indebtedness. His assent to such clause in the deed to him should have been shown in some manner. The use of the words "sold and conveyed," in the bill, could not be regarded as an averment of such assent on the part of the grantee.

6. DELIVERY *and acceptance of deed—recording, as evidence thereof.* While the recording of a deed for land may afford *prima facie* evidence of its delivery and acceptance, this must be understood as applying to a deed simply conveying the premises, and not as applying to a deed which imposes an obligation upon the grantee to assume and pay a preëxisting incumbrance on the property.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. ROWELL & HAMILTON, and Messrs. STEVENSON & EWING, for the plaintiff in error:

The allegations in the bill are not sufficient to support the decree finding appellant personally liable for the debt of his grantor.

A deed can only take effect at and from its delivery. Any delivery and acceptance must be by mutual and concurrent acts. Proof of an acceptance subsequent to the delivery is not sufficient to give validity to the deed. The presumption that a party will accept a deed because he is to be benefited

thereby, is never carried so far as to consider him as having accepted it. *Hulick* v. *Scovil,* 4 Gilm. 159; *Ferguson* v. *Miles,* 3 id. 363; *Jackson* v. *Phipps,* 12 Johns. 418; *Jackson* v. *Dunlap,* 1 id. 114; *Jackson* v. *Bodie,* 20 id. 188; *Maynard* v. *Maynard,* 10 Mass. 456; *Lloyd's Lessee* v. *Giddings,* 7 Ohio, 375.

A deed not delivered and accepted, though recorded, passes no title, and to constitute a complete delivery it is necessary there should be acceptance by, or on behalf of, a grantee. *Herbert* v. *Herbert,* Breese, 354; *Wiggins* v. *Lusk,* 12 Ill. 132; *Ferguson* v. *Miles,* 3 Gilm. 358.

The act of registering a deed does not amount to a delivery of it, there not appearing an assent on the part of the grantee, or any knowledge that the deed had been executed in his favor. *Maynard* v. *Maynard,* 10 Mass. 456; *Harrison* v. *Phillips Academy,* 12 id. 456; *Berkshire Ins. Co.* v. *Sturgis,* 13 Gray, (Mass.) 177; *Heys* v. *Davis,* 18 N. H. 600; *Derry Bank* v. *Webster,* 44 id. 264; *Gaither* v. *Gibson,* Phill. (N. C.) 530; *Kingsbury* v. *Burnside,* 58 Ill. 310; *Krebaum* v. *Cordell,* 63 id. 23.

Where a deed not executed by the grantee imposes an obligation upon him, it is the acceptance of the deed that renders the obligation binding upon him. *Guild* v. *Leonard,* 18 Pick. 511; *Newell* v. *Hill,* 2 Metc. 180.

A decree *pro confesso* only concludes a party as to the averments in the bill, and does not amount to a confession of any fact not alleged in it. *De Leuw* v. *Neely,* 71 Ill. 473; *Martin* v. *Hargardine,* 46 id. 322; *Cronan* v. *Frizell,* 42 id. 319; *Frye* v. *Bank of Illinois,* 5 Gilm. 332.

Mr. W. H. CAMPBELL, Mr. R. E. WILLIAMS, and Mr. L. DEARBORN, for the defendants in error:

The language of the bill and decree, that Funk and wife, by their deed, under their hands and seals, duly acknowledged according to law, "sold and conveyed" to Thompson,

implies a delivery and acceptance. Bouvier's Dic. "Conveyances;" *West* v. *Krebaum*, 88 Ill. 263; *Williams* v. *Souther*, 55 id. 130·; *Whitten* v. *Whitten*, 36 N. H. 326; *Fleming* v· *Potter*, 14 Ind. 486; Story's Eq. Pl. sec. 253.

The fact that a deed is recorded is *prima facie* evidence of its delivery. The bill avers the recording. *Himes* v. *Keighblingher*, 14 Ill. 469; *Warren* v. *Town of Jacksonville*, 15 id. 236; *Blake* v. *Fash*, 44 id. 302; *Dale et al.* v. *Lincoln, Assignee*, 62 id. 25; *Union Mutual Life Ins. Co.* v. *Campbell*, 95 id. 267; *Hammell* v. *Hammell*, 19 Ohio, 17; *Rowell* v. *Hayden*, 40 Me. 582; *Buckley* v. *Buffington*, 5 McLean, 457; *Bensley* v. *Atwill*, 12 Cal. 231; *Wilborn* v. *Weaver*, 17 Ga. 267; *Ingraham* v. *Gregg*, 21 Miss. (13 S. & M.) 22; *Bullitt* v. *Taylor*, 34 Miss. 708; *Chess* v. *Chess*, 2 N. J. L. (1 Pa.) 32; *Balbeck* v. *Donaldson*, 2 Gratt. (Pa.) 459; *Javenal* v. *Jackson*, 14 Pa. St. 519; *Boardman* v. *Dean*, 34 id. 252; 3 Washburn on Real Estate, (4th ed.) 295, *582, 308, *587; Story's·Eq. Pl. sec. 253.

Delivery always implies an acceptance. 3 Washburn on Real Estate, (4th ed.) 292, *581.

Where a person purchases real estate incumbered by a trust deed, and in the conveyance to him it is set forth that he assumes and agrees to pay the trust deed as part of the consideration, it creates a personal liability upon him in favor of the holder of the trust deed, which the courts will enforce. *Flagg* v. *Geltmacher*, 98 Ill. 293; *Rogers et al.* v. *Herron et al.* 92 id. 583; *Klapworth* v. *Dressler*, 2 Beas. 62; *Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 id. 595; *Cornell* v. *Prescott*, 2 Barb. 16; *Blyer* v. *Monholand*, 2 Sandf. Ch. ·478; *Ferris* v. *Crawford*, 2 Denio, 595; *Flagg* v. *Thurber*, 14 Barb. 196; *Russell* v. *Pistor*, 7 N. Y. 171; *Bently* v. *Vanderhayden*, 35 id. 577; *Snyder* v. *Robinson*, 35 Ind. 311; *Crawford* v. *Edwards*, 33 Mich. 354; *Hoff's Appeal*, 24 Pa. St. 200; *Corbett* v. *Waterman*, 11 Iowa, 86; *Thompson* v. *Berram*, 14 id. 476; *Burr* v. *Berris*, 24 N. Y. 178.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The default of William Thompson, plaintiff in error, admitted such facts as were properly alleged in the bill, but the default admitted nothing more. The important question presented by the record then is, whether the allegation contained in the bill is sufficient to authorize the money decree which the court rendered against him for $3168.67. The allegation in the bill which is relied upon, is as follows: "Your orators further show unto your honor, that after the making of said notes by said Funk, the making of said deed of trust by said Funk and wife, and the recording of the same, to-wit, on the 20th day of February, A. D. 1877, said Absalom C. Funk and Chloe E. Funk, by their deed of that date, under their hands and seals, duly acknowledged according to the law of the State of Illinois, sold and conveyed all the premises described in said trust deed to one William Thompson, and in and by said deed the said William Thompson assumed payment of said trust deed, and covenanted and agreed to pay the same as part of the consideration or purchase money, to said Funk and wife, for said land, which said deed is recorded in the recorder's office of Mason county, Illinois, in book 'S,' page 240, a copy of which deed is herewith filed, marked 'Exhibit C,' and made a part of this bill."

It is contended by defendants in error that the language, "sold and conveyed" by deed, under hand and seal, and duly acknowledged, etc., was a sufficient averment to show that the deed was valid, and binding upon both parties to the instrument, in every particular; while, on the other hand, it is contended that the allegation is insufficient to establish a personal liability upon Thompson, the grantee in the deed, to pay the mortgage indebtedness on the premises.

The deed purported to convey five hundred and sixty acres of land, in Mason county, and contained this clause: "Covenants of warranty herein contained are subject to a mort-

gage of $3500, which grantee assumes and agrees to pay as part of the consideration of this deed." As early as 1856 this court, in *Eddy* v. *Roberts*, 17 Ill. 505, where the authorities upon the question are cited, held: "Where one person enters into a simple contract with another for the benefit of a third person, such third person may maintain an action for the breach, and such a contract is not within the Statute of Frauds." This doctrine has been followed and announced in many subsequent cases. Following the same principle, this court has also held that where a person becomes the purchaser of real estate by deed, which, at the time, is incumbered by mortgage, and in the deed conveying the property it is stipulated and agreed that the purchaser assumes and agrees to pay the mortgage as a part of the consideration, the contract creates a personal liability on the purchaser in favor of the holder of the mortgage, which may be enforced in an appropriate action. (*Flagg* v. *Geltmacher*, 98 Ill. 293; *Rogers* v. *Herron*, 92 Ill. 583.) The same principle has often been decided in the courts of other States. *Burr* v. *Beers*, 24 N. Y. 178; *Thorp* v. *Keokuk Coal Co.* 48 id. 253.

In so far, then, as the liability is concerned, the law may be regarded as well settled; but the important inquiry is, whether the averment in the bill establishes a contract which brings the case within the rule announced. Had the bill averred that Thompson had signed and sealed the deed, or that the deed had been delivered to him and he had accepted it, the case would have been relieved of all difficulty; but such was not the averment. It may be that an averment that land has been sold and conveyed, is enough from which it may be implied that a deed was delivered, where no question is involved except the mere conveyance of land, as was held in *Whitten* v. *Whitten*, 36 N. H. 326, and other cases cited in the brief; but the question before us is of a different character. A contract to assume an incumbrance on land purchased is not one of the essential parts of a deed of con-

veyance,—indeed, such a contract is a stranger to a deed,—
and when the complainants in the bill undertook to bind
Thompson by an averment, they should, in some mode, allege
the making of a contract between Funk and Thompson, under
which the latter would be bound to pay and discharge the
mortgage indebtedness. The mere fact that Funk and his
wife executed and acknowledged a deed, and inserted therein
a clause that Thompson should pay the mortgage named in
the deed, would not create a personal liability upon him. In
order to make the assumption clause in the deed binding and
obligatory on Thompson, it was necessary to go one step fur-
ther, and show that he assented to that clause in the instru-
ment. This might be done by showing that he signed and
sealed the deed. Had he done this, then he would have been
a party to the contract. Or it might be shown that the deed
was delivered to and accepted by him. Had he accepted the
deed, his assent to all that it contained would have been
inferred in like manner as if he had signed and sealed the
instrument. The law requires something more than the mere
insertion by the grantor of a clause in a deed that the grantee
assumes an incumbrance. The grantee's assent to the con-
tract must, in some way, appear, otherwise a fraud might, in
many cases, be perpetrated upon a grantee. Suppose A
owned a tract of land, mortgaged for $5000, but worth only
one-half that amount. He executes, acknowledges and places
upon record a deed conveying the land to B, the deed con-
taining a clause binding B to pay the mortgage. Could B,
who never accepted the deed or assented to its terms, be held
liable for the mortgage? The answer is obvious, that he
could not be held liable for the mortgage, for the reason that
he never, in any manner, assented or agreed to the contract
contained in the instrument. Had the assumption clause
incorporated in the deed been an essential part of the deed,
the question would have been different; but it was not a
necessary part of the deed, as said before, and, in our judg-

ment, the allegation that the land was sold and conveyed was not sufficient to bind the grantee to the terms of an independent contract which is not a necessary part of the instrument.

But it is said the deed was recorded; but that does not obviate the difficulty in the case. The act of recording a deed can not amount to a delivery and acceptance when there does not appear an assent or knowledge by the grantee of the act. This was held in *Herbert* v. *Herbert,* Breese, 354, and approved in *Wiggins* v. *Lusk,* 12 Ill. 132. There are cases where the recording of a deed might be regarded as *prima facie* evidence of a delivery, as was *Himes* v. *Keighblingher,* 14 Ill. 469; but the recording alone, in a case of this character, can not be held sufficient to prove a delivery of the deed, and thus establish a contract against the grantee of the deed, binding him to pay a mortgage on the premises.

In conclusion, we are satisfied that the averment in the bill was not sufficient to authorize a money judgment against Thompson.

The judgment of the Appellate Court will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE SCOTT: I do not concur in this opinion. It seems to me the allegations of the bill are sufficient to support the decree.

DICKEY and MULKEY, JJ., also dissent from the above opinion.