AARON BAER, IMPLEADED, ETC.,

v.

HENRY KNEWITZ.

*Mortgages—Foreclosure—Sale Subsequent, to Mortgage—Assumption of Incumbrance—Decree Pro Confesso.*

Upon bills filed to foreclose mortgages, the ʼfact being that subsequent to the giving thereof, the property in question was sold to another, it being alleged that the grantee assumed the same, this court holds, there being no allegation in complainant's bill that the grantee ever accepted the deed from the grantor, that the recital in said deed is not the promise of the grantee; that in the absence of an averment of assent said recital is not sufficient, standing alone, to create a liability against him, and that the averments of the bill are not sufficient, on a default, to authorize a decree *pro confesso* against said grantee for a personal liability for the debt of the grantor.

[Opinion filed February 26, 1891.]

IN ERROR to the˙ Circuit Court of St. Clair County; the Hon. GEORGE W. WALL, Judge, presiding.

A bill to foreclose a mortgage made by Conrad Benner and Elizabeth Benner to secure certain notes, was filed in the St. Clair Circuit Court by John Seibert, and on the same day a bill was filed to foreclose a mortgage made by the Benners to Henry Knewitz in which defendant in error was complainant. These causes were consolidated at the May term, 1889, of said court and a decree entered. No question arises on the bill of Seibert under the assignment of errors. The bill of defendant in error avers the execution of notes and mortgage to Knewitz by Conrad Benner and default in payment. The bill then contains this averment:

" And complainant further shows that he is informed and believes that Aaron Baer and Louis Bartel have, or claim to have, some interests in the mortgaged premises as purchasers, mortgagees, judgment creditors or otherwise, which interests, if any there be, have accrued subsequently to the lien of ʼsaid mortgage deed and are subject thereto, and that John Seibert

has a prior mortgage on said land. Complainant further shows that on the 5th day of June, 1886, by their deed of that date, said Conrad Benner and Elizabeth Benner conveyed and warranted to said Aaron Baer the real estate herein above described, subject to the mortgage of John Seibert for $3,000, and subject also to the above mortgage of complainant. Both of which mortgages the said Aaron Baer in and by said deed assumed to pay as part of the consideration."

The bill makes a copy of the deed an exhibit in the case. The deed so made an exhibit to the bill is in the statutory form and in addition contains this clause: "Subject, however, to two mortgages, one for $3,000, made to said Baer and by him assigned to John Seibert, and the other for $2,000, made to Henry Knewitz, both of which said Baer assumes to pay as part of said consideration." That deed purports to be made by Conrad Benner and Elizabeth Benner to Aaron Baer. A default was entered to the two bills and the cause referred for computation, and the report of the master shows the amount due on each mortgage and a decree *pro confesso.* The following finding was entered: "The court further finds, that on the 5th day of June, A. D. 1886, by their warranty deed of that date, said Conrad Benner and Elizabeth Benner conveyed and warranted to said Aaron Baer the said real estate herein above described, subject to said two mortgages herein described, the one held by John Seibert and the other held by Henry Knewitz; both of which mortgages the said defendant, Aaron Baer, in and by said deed assumed to pay as part of the consideration expressed in said deed, which deed is duly recorded in the recorder's office of said county of St. Clair, in book 183, p. 263." It is then among other things decreed by the court, "that said master specify the amount of such deficiency after deducting the costs and expenses of said sale, and that on the coming in and confirmation of said report, the defendant, Aaron Baer, who is personally liable for the debts secured by the mortgage by the amount of such deficiency," etc. On sale being made and on the coming in of said report and its confirmation the following order was entered at the September term, 1886, of said court.

It is therefore ordered by the court that said complainant, Henry Knewitz, have personal judgment against said Aaron Baer for said deficiency in the sum of $671.95, with interest thereon from the 17th day of August, 1889 (the day of sale), and that he have execution for the collection thereof, as provided for in the decree of this case rendered at a prior term of this court. Thereupon the defendant, Aaron Baer, sued out this writ of error and assigns error.

First. The Circuit Court erred in rendering a decree against Aaron Baer for the payment of $671.95, without any liability alleged in the bill of said Knewitz.

Second. The Circuit Court erred in rendering a personal decree against Aaron Baer, when the allegations in the Knewitz bill do not set forth a personal liability for the mortgage debt, wherefore plaintiff in error prays that the decree entered at the September term, 1889, be reversed, etc.

Mr. WILLIAM WINKELMANN, for plaintiff in error, Aaron Baer.

Mr. CHARLES P. KNISPEL, for defendant in error.

PHILLIPS, P. J. There is no allegation in this bill that Aaron Baer ever accepted the deed from Conrad Benner and Elizabeth Benner. The recital in the deed is not the promise of Baer, the grantee; and unless his assent is averred that recital is not sufficient, standing alone, to create a liability against him. The averments of the bill are not sufficient on a default to authorize a decree, *pro confesso*, against the plaintiff in error for a personal liability for the debt of Conrad Benner. Thompson v. Dearborn et al., 107 Ill. 87. The court erred in rendering a decree for the payment of $671.95. That decree of the September term, 1889, awarding execution, is reversed and the cause remanded.

                                    *Reversed and remanded.*