| 75 389'
| 82 263|

## Andrew J. J. Miller v. Charles E. Schaefer.

1. EQUITY PLEADING — *Where a Promise is Pleaded the Promisee Should be Named and the Consideration Stated.*—Where a petition for a mechanic's lien alleges that a grantee of the land, on which the lien is claimed, promised in writing to pay the amount claimed, but does not state to whom the alleged promise was made, nor what, if any, consideration there was therefor, such alleged promise must be regarded as without consideration, and of no binding effect.

2. DECREES—*Must be Supported by Allegations of Bill.*—There can be no valid decree without allegations in the bill as a basis for it, as it is quite as essential that there be allegations in the bill as proof to sustain the decree.

3. SAME—*Record Must Contain Proof to Sustain.*—It is incumbent on a party in whose favor a decree is rendered to preserve in the record the proof necessary to sustain his decree.

4. RES JUDICATA—*Plea of, Held Insufficient.* — A petition for a mechanic's lien asked for a lien and also a personal decree, and the defendant filed what he termed a plea of *res adjudicata.* The plea only set up facts constituting a defense to the claim for a personal decree. *Held,* that it was insufficient.

**Mechanic's Lien Proceedings.**—Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1898. Affirmed in part and reversed in part. Opinion filed April 18, 1898.

VOCKE & HEALY, attorneys for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Schaefer, defendant in error, filed a petition for a mechanic's lien against Miller, plaintiff in error, and the Englewood Sash & Door Co., claiming a lien for materials furnished and labor performed pursuant to a verbal contract between said Schaefer and J. C. and C. M. McCally, in constructing for McCally Bros. a building on three lots, in the original town of Chicago Heights. The petition alleges performance of the contract and acceptance of the building; and that there is due to Schaefer from J. C. and Charles M.

McCally $125.70, which defendants refuse to pay; also that said McCallys sold said lots to Miller, and that Miller promised in writing to pay Schaefer's claim, but has wholly refused. There is no allegation as to whom Miller made this alleged promise, nor as to what, if any, consideration there was for the promise. It was therefore *nudum pactum*. The court decreed a lien in favor of Schaefer, ordered sale of said lots by the master in chancery, and rendered a personal judgment against Miller.

There is no certificate of evidence, and no finding in the decree of facts or any proof in the record to justify a personal judgment against Miller.

There can be no valid decree without allegations in the bill as basis for it. It is quite as essential that there be allegations in the bill as proof to sustain the decree. And it is incumbent on a party in whose favor a decree is rendered to preserve in the record the proof necessary to sustain his decree. Parker v. Shannon, 114 Ill. 192; Smith v. Brittenham, 98 Ill. 188; Marvin v. Collins, 98 Ill. 510.

Plaintiff in error interposed what is termed a plea of *res adjudicata*, which the chancellor held to be insufficient, and we think properly so, because all the allegations of the plea might be taken as true, and still Schaefer would be entitled to a lien, though not to a personal judgment against Miller.

The motion of Miller to set aside the decree made after the term at which it was rendered, also failed to show any meritorious defense, and was therefore properly overruled.

The decree is reversed in so far as it gives a personal judgment against Miller, but in all other respects is affirmed.

Affirmed in part and reversed in part.