## Lillie R. Boisot v. Anna S. Chandler.

1.  DEFICIENCY DECREES—*Sufficiency of the Bill to Sustain.*—An allegation in a bill to foreclose a trust deed that certain other persons, naming them, have, or claim to have, some interest in said premises, or have assumed the payment of the indebtedness secured by said trust deed, which interests, however, if any there be, have accrued since and

are subject to the lien of such trust deed, is not sufficient to support a deficiency decree.

2. SAME—*Assumption Clauses.*—The law requires something more than the mere insertion by the grantor of a clause in a deed that the grantee assumes an incumbrance. The grantee's assent to the contract must in some way appear.

**Foreclosure,** of a trust deed. Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Decree for complainant; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed May 2, 1899.

LOUIS BOISOT, JR., attorney for appellant.

Where there are alternative allegations, that allegation is chosen which is least favorable to the pleader. Titus v. Mabee, 25 Ill. 257; Jamieson v. King, 50 Cal. 132; Lucas v. Oliver, 34 Ala. 626; Ryves v. Ryves, 3 Ves. Jr. 343; Edwards v. Edwards, Jac. 335.

STILLMAN & MARTYN, attorneys for appellee, contended that the allegation that the defendants "have assumed the payment of the indebtedness" sought to be foreclosed is sufficient to sustain a decree for the deficiency. Simonson v. Blake, 20 How. Pr. 484; Pellier v. Gillespie, 67 Cal. 582; Brownell v. Brattleboro Savings Bank, 69 Ill. App. 122.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a deficiency decree.

The bill of complaint seeks to foreclose a trust deed, and after setting up the execution of the note therein described, states that appellee, together with certain other persons, "have or claim to have some interest in said premises, or have assumed the payment of the indebtedness secured by said trust deed, which interests, however, if any there be, have accrued since and are subject to the lien of the trust deed hereby sought to be foreclosed." The bill prays for an execution for the collection of any deficiency "from any defendants who may be found liable therefor," and for general relief.

Appellant contends that the allegations of the bill are

not sufficient to sustain the deficiency decree, there being no averment of the acceptance of the deed of conveyance containing the assumption clause.

In Thompson v. Dearborn, 107 Ill. 87, it is said:

"In order to make the assumption clause in the deed binding and obligatory on Thompson, it was necessary to go one step further and show that he assented to that clause in the instrument. This might be done by showing that he signed and sealed the deed. Had he done this, then he would have been a party to the contract. Or it might be shown that the deed was delivered to and accepted by him. Had he accepted the deed, his assent to all that it contained would have been inferred in like manner as if he had signed and sealed the instrument. The law requires something more than the mere insertion by the grantor of a clause in the deed that the grantee assumes an incumbrance. The grantee's assent to the contract must in some way appear."

It is said in that case that had the bill averred the deed had been delivered and accepted, the case would have been relieved of difficulty. But it was alleged only that the premises had been sold and conveyed to Thompson by the deed in question, and that in and by said deed Thompson "assumed payment of said trust deed and covenanted and agreed to pay the same as part of the consideration or purchase money." It was held that the averment was not sufficient to authorize a money judgment against Thompson.

In Baer v. Knewitz, 39 Ill. App. 470, the allegation was that the grantee "in and by said deed assumed to pay as part of the consideration." The averment was held insufficient to sustain a money decree.

In Miller v. Schaefer, 75 Ill. App. 389, it is said that "there can be no valid decree without allegations in the bill as basis for it. It is quite as essential that there be allegations in the bill as proof to sustain the decree."

It is urged by counsel for appellee that the allegation that appellee and others "assumed payment of the indebtedness," means and is equivalent to an allegation that such persons, as purchasers, had agreed with the vendor, in consideration of the conveyance, to pay the mortgage. It has been held, however, in the cases above cited, that these

words do not constitute a sufficient averment to sustain a money decree. It is, moreover, rather a statement of a conclusion than an allegation of fact.

Appellee suggests that this question of the sufficiency of the allegation can not be considered; that an appeal from a deficiency decree does not bring up for review the original decree of sale, and that the deficiency decree is founded upon the original.

The original decree grants no relief against appellee, further than to divest her of interest in the land as against the trust deed. It does confirm the master's report, and finds, as did the master, that appellee "accepted said deed, and went into possession of said premises under it, and thereby became and is personally liable for the payment of said indebtedness." But the master's report and a decree finding accordingly do not obviate the necessity of proper allegations in the bill to charge the defendant with whatever liability the decree seeks to enforce. There is sound reason for so holding. A party defendant, finding in the bill no averments charging personal liability, is not required to anticipate that testimony will be introduced to prove, and that the master will find, a liability which the bill of complaint does not assert. A deficiency decree, no less than any other, must be based upon proper allegations in the bill. The defect was not a mere matter of form, objection to which must be taken by demurrer; it is a matter of substance, the absence of a necessary allegation to sustain the decree. We think the objection is raised in apt time, and that the allegations of the bill are not sufficient to sustain the deficiency decree.

Other errors are assigned which, in the view we are compelled to take, we do not find it necessary to discuss. The conclusion we have stated is, however, emphasized by the alternative averments in the bill, which allege that the defendants named have or claim some interest, or have assumed payment, and leave it doubtful whether appellee is included in the former or latter clause of the alternative.

The decree of the Circuit Court is reversed and the cause remanded.