## William A. Kreidler v. Nellie M. Hyde.

### Gen. No. 11,724.

1. DEFICIENCY DECREE—*when averment insufficient to support.* An averment that the mortgaged premises were conveyed to the defendant, "who assumed and agreed to pay" the indebtedness secured by the trust deed, is but an averment of a conclusion and not sufficient to sustain a deficiency decree.

2. DEFICIENCY DECREE—*when evidence not sufficient to sustain.* A deficiency decree is not sustained by the introduction of a certified copy of a recorded deed to the defendant which contained the usual assumption clause; such proof should be supplemented by evidence that such deed was delivered and accepted by the grantee or that he in some way fully assented to such assumption clause.

Foreclosure proceeding. Appeal from the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed and remanded. Opinion filed May 5, 1905.

**Statement by the Court.** Cynthia Jane Wessels and husband made and delivered to appellee their promissory note for $1,100, payable three years after date, and conveyed a certain lot by a trust deed in the nature of a mortgage to secure the payment of the note.

In a bill to foreclose said trust deed, filed by appellee as complainant against appellant and others, defendants, the complainant set out the facts above stated. The only allegation made in the bill respecting the liability of appellant is the following : " Your oratrix further represents that the above described premises were subsequently conveyed to William A. Kreidler, of the City of Chicago, County of Cook and State of Illinois, who assumed and agreed to pay the above described indebtedness."

Appellant, in his answer, denied that the mortgaged premises were ever conveyed to him, or that he ever assumed or agreed to pay the indebtedness by said trust deed secured.

A decree of foreclosure and sale was entered, under which the mortgaged premises were sold for less than the amount

of the decree.    A deficiency decree was then entered against appellant, to reverse which this appeal is prosecuted.

DEFREES, BRACE & RITTER, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

It is clear that the decree appealed from must be reversed. The averment that the mortgaged premises were conveyed to appellant, " who assumed and agreed to pay" the indebtedness secured by the trust deed, is but an averment of a conclusion and not a sufficient averment of fact on which to base a deficiency decree against him.    Thompson v. Dearborn, 107 Ill. 87; Baer v. Knewitz, 39 Ill. App. 470; Boisot v. Chandler, 82 Ill. App. 261.

. The only evidence offered for the purpose of showing that appellant had assumed or agreed to pay the mortgage debt, was a certified copy of a recorded deed to him of the premises, which contained the usual assumption clause.

This evidence would not be sufficient to support a deficiency decree against the grantee, under a bill containing the necessary averments.    To support such a decree the evidence must show that the deed was delivered to and accepted by the grantee, or that he, in some other manner, assented to the assumption clause in the deed.    The production of a certified copy of a recorded deed to a grantee does not prove the delivery of the original deed to him, nor its acceptance by him.    Thompson v. Dearborn, *supra;* Bay v. Williams, 112 Ill. 91–94.

The decree of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*