## Margaret A. Ludlum, Appellee, v. Mary L. Pinckard et al., Appellants.

### Gen. No. 26,369.

1.  DEEDS—*what does not constitute an assumption of an incumbrance.* The mere insertion in a deed of a statement that the grantee assumes an incumbrance on the premises is not sufficient to make the grantee personally liable under such incumbrance, in the absence of a showing of assent on his part.

2.  DEEDS—*what constitutes an assent to the assumption of an incumbrance.* The signing of a deed by the grantee or its delivery to and acceptance by him would show assent to a clause therein reciting the assumption of an incumbrance on the premises.

3.  DEEDS—*when payment of part of mortgage not an assent to recital of assumption of incumbrance.* The fact that a grantee in a deed to whom it was never delivered paid something on account of a mortgage which the deed recited was assumed by the grantee indicated only a desire to remove the lien from the property and is no evidence of a personal assumption of the debt.

4.  MORTGAGES—*burden of proving delivery of deed reciting assumption of mortgage.* A complainant in a bill to foreclose a mortgage, having alleged delivery to defendant of a quitclaim deed containing an assumption of mortgage clause, was bound to prove such delivery.

5.  MORTGAGES—*when assumption of incumbrance not admitted in answer on foreclosure.* Where the answer of the defendant in foreclosure proceedings contained a general denial of liability and a specific denial that defendant was bound by the assumption of mortgage clause in a quitclaim deed, there was no admission of delivery of the deed to defendant.

6.  APPEAL AND ERROR—*when exceptions to master's report unnecessary.* Where there was virtually no dispute as to the facts in a suit to foreclose a mortgage and the master's finding as to the

personal liability of defendant was a conclusion of law, exceptions thereto were not necessary.

7. MORTGAGES—*when grantee not liable for deficiency.* Complainant in a suit to foreclose a mortgage, having failed to prove delivery to defendant of a deed which contained an assumption of mortgage clause, or anything else from which her assent to such clause could be implied, it was error to find her personally liable for any deficiency in the foreclosure sale.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded with directions. Opinion filed May 16, 1921.

GOODRICH, VINCENT & BRADLEY, for appellants; JOSEPH M. GRIFFIN, of counsel.

ASHCRAFT & ASHCRAFT, for appellees; CARROLL J. LORD, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Upon a sale of real property under a foreclosure decree there was a deficiency of $3,399.11, and defendant Mary L. Pinckard was found personally liable therefor; she has appealed from that portion of the decree.

Defendant was the wife of Dr. Charles P. Pinckard, now deceased, but living at the time of the hearing. He testified that he bought the premises in 1906, taking title in his own name; that afterwards, in 1910, he sold them to Harry Soroken, taking a mortgage for $6,000 as part of the purchase price, and also a second mortgage securing a series of notes maturing monthly. Upon maturity the first incumbrance was replaced by a new mortgage and notes, which afterwards became the property of Margaret A. Ludlum, the complainant. Subsequently Soroken was unable to pay his notes as they matured and by agreement with Dr. Pinckard he surrendered the premises, giving a quitclaim deed

which conveyed all his interest to Mary L. Pinckard, receiving as consideration the second mortgage and his unpaid notes. This quitclaim deed provided that it was made "subject to all encumbrances of record, which the grantee assumes and agrees to pay." Dr. Pinckard testified that he handled this matter and that Mrs. Pinckard took no part in it and knew nothing about it; that he took possession as her agent and paid taxes for her and collected the rents; that no consideration passed to Soroken for the quitclaim deed other than the surrender of his notes and mortgage; that he had the quitclaim made to his wife, intending it should be a gift to her; that subsequently Mary Pinckard paid $1,000 on account of the first mortgage.

That part of the decree finding defendant personally liable for the deficiency is erroneous and must be reversed. The mere insertion in a deed that the grantee assumes an incumbrance is not sufficient. Assent to this by the grantee must be shown in order to bind him. Signing the instrument would show assent, or, if it was delivered to and accepted by him, assent would be inferred; there must be something more than the mere presence of an assumption clause in the deed. *Thompson v. Dearborn,* 107 Ill. 87; *Merriman v. Schmitt,* 211 Ill. 263; *Boisot v. Chandler,* 82 Ill. App. 261; *Kreidler v. Hyde,* 120 Ill. App. 505. To the same effect are decisions in other States upon facts like those in the instant case: *Culver v. Badger,* 29 N. J. Eq. 74; *Blass v. Terry,* 156 N. Y. 122; *Gold v. Ogden,* 61 Minn. 88; *Kellogg v. Cook,* 18 Wash. 516.

The evidence shows the deed in question was never delivered to defendant and there is nothing which she did which can be construed as an assent to the assumption by her of liability for the payment of the mortgage. The fact that she paid something on account indicates only a desire to remove the lien from the property and is no evidence of a personal assumption of the debt.

We do not agree with the contention that the answer admits the delivery of the deed to defendant. There is a general denial of liability and a specific denial that defendant was bound by the assumption clause in the quitclaim deed. Complainant having alleged delivery was bound to prove it. *Davis Paint Mfg. Co. v. Metzger Linseed Oil Co.,* 188 Ill. 295; *Wilson v. Augur,* 176 Ill. 561. Even failure of an answer to deny an allegation in a bill is not an admission of its truth and does not dispense with the necessity of complainant proving it. *Stemm v. Gavin,* 255 Ill. 480. Where the answer neither admits nor denies a material allegation of the bill and no exceptions are filed to it, but a general replication is filed, complainant must prove such allegation. *Cotes v. Rohrbeck,* 139 Ill. 532.

It is said that defendant did not by proper objections challenge the facts found by the master to whom the cause was referred. There was virtually no dispute as to the facts, and the master's finding as to liability was a conclusion of law to which exceptions are not necessary. *Pace v. Pace,* 271 Ill. 114; *Von Tobel v. Ostrander,* 158 Ill. 499; *Gillett v. Chicago Title & Trust Co.,* 230 Ill. 373 (419).

Complainant having failed to prove delivery of the deed to defendant or anything else from which her assent to the assumption clause can be implied, it was error to find her personally liable for any deficiency in the foreclosure sale; the decree is therefore reversed and the cause remanded with directions to vacate that portion of the decree and any judgment thereon against defendant.

*Reversed and remanded with directions.*

HOLDOM, P. J., and DEVER, J. concur.