## State Bank of Chicago et al., Appellees, v. John Christensen et al., on appeal of Board of Trustees of Park College, Appellant.

### Gen. No. 21,024. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 8, 1915.

### Statement of the Case.

Action by the State Bank of Chicago and others, plaintiffs, against John Christensen and others, defendants, in the Superior Court of Cook county, to foreclose a trust deed. From a decree dismissing the original bill and the cross-bill of defendant Park College, defendant Park College appeals.

The State Bank of Chicago as trustee of the trust created by the last will and testament of John R. Parsons, deceased, filed its bill in the Superior Court of Cook county, Illinois, to foreclose a trust deed given by John Christensen and Rosalba A., his wife, to secure the payment of their promissory note for three hundred dollars. Cross-bills were filed by Kathryn Crispe, John Christensen and Park College.

In the fall of 1907, plaintiff John Christensen secured a loan of three hundred dollars from Arthur B. Pease, and gave his note, dated November 20, 1907, for the amount. The note was secured by a trust deed on the home of Christensen at 639 Root street, Chicago. Pease afterwards sold the note and trust deed to a

man named Griffin, who in turn sold it to the Thompson & Taylor Spice Company, and the note and trust deed was owned by the Thompson & Taylor Spice Company on the date of its maturity. Upon the maturity of this note, plaintiff Christensen again applied to Pease to secure for him a loan of five hundred dollars on his said property, the said three hundred dollar note to be paid out of the five hundred dollar loan and the remainder of the same to be turned over to Christensen. Christensen secured the loan of five hundred dollars from plaintiff Kathryn Crispe through Pease. Christensen gave his note for five hundred dollars, secured by a trust deed on his said property, signed by himself and wife. This loan of five hundred dollars was made with the understanding between the three parties that the said three hundred dollar note was to be paid out of the five hundred dollar loan, and that the note and trust deed given by Christensen to secure the loan of five hundred dollars was to become a first lien on his property. On December 15, 1909, Pease paid for and took up this three hundred dollar note and trust deed from Thompson & Taylor Spice Company, but he never released the trust deed securing the note, and he kept the note and trust deed in his possession; he also kept in his possession the five hundred dollar note and trust deed securing the same. On or about March 16, 1901, Caroline M. Parsons, who was then acting as the sole executrix of the last will and testament of John R. Parsons, deceased, died testate, and Walter M. Howland qualified and entered upon his duties as executor under her will. Howland received with the assets of the Caroline M. Parsons estate the assets of the John R. Parsons estate, and he thereafter acted as trustee of both estates. On March 24, 1902, Howland was relieved as trustee of said estates and Pease was appointed trustee of the same. The trust created by the last will and testament of Caroline M. Parsons, deceased, provided

that the income of certain property should be paid to one Alice M. Babcock during her life, and upon her death the said trust property should go to defendant Park College. The will further provided that if for any reason the gift to Park College failed, the said property should go to the children of Alice M. Babcock. During the lifetime of Alice M. Babcock, at the request of Park College, and with the consent of Alice M. Babcock, Pease accelerated the trust and turned over to the said college certain cash and securities claimed by Pease to be the *corpus* of the Caroline M. Parsons trust fund. Among the securities and cash so delivered to the said college was the five hundred dollar Christensen note, with interest coupons, and trust deed securing the same. Pease remained trustee of the John R. Parsons estate until his death, April 7, 1911, when the defendant State Bank of Chicago was appointed trustee of the said estate, and obtained from Pease's executrix possession of the three hundred dollar Christensen note and trust deed securing the same. The bill filed by the State Bank of Chicago was for the purpose of foreclosing the trust deed and securing payment of the three hundred dollar note. The chancellor dismissed the bill of the State Bank of Chicago for want of equity, and his action in this regard was urged as error by the said bank.

The cross-bills and answers filed by the said Park College and Kathryn Crispe, presented the question as to the ownership of the five hundred dollar Christensen note and trust deed above referred to, the college claiming to be a holder of the same in due course. The court found the issues on this question in favor of Kathryn Crispe and against Park College, and dismissed the cross-bill of the latter for want of equity.

SCOTT, BANCROFT & STEPHENS and WILLIAM PETTIS, for appellant; JOHN E. MACLEISH and WILLARD J. DIXON, of counsel.

CHYTRAUS, HEALY & FROST and JOHN PETER BARNES, for appellee State Bank of Chicago as trustee.

GUSTAVE NELSON, for appellee Kathryn Crispe; JAMES A. DONNELLY, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1269*—*when presumption arises that evidence heard in support of bill was not included in certificate.* Where the certificate of the trial judge shows that the evidence included in the certificate was "all the evidence" heard on issues raised by a cross-bill, it must be assumed that the evidence heard in support of the bill is not included in the certificate.

2. APPEAL AND ERROR, § 1269*—*when presumed that decree is sustained by evidence.* A complainant is precluded from assigning as error a decree dismissing a bill for want of equity where the evidence heard in support of a bill does not appear in the certificate of evidence tendered, for the reason that in order to entitle itself to a reversal defendant must show that there was evidence entitling it to the relief prayed for, without which showing it will be presumed that the decree is sustained by the evidence.

3. APPEAL AND ERROR, § 1394*—*what necessary to support decree.* In chancery cases a decree granting relief must be supported by a finding of specific facts in the decree itself, or by evidence appearing in the record.

4. EQUITY, § 358*—*when decree dismissing bill for want of equity necessary.* Where there is no evidence in support of a bill or where the evidence is insufficient to warrant the court in granting the relief asked for, the proper decree is a decree dismissing the bill for want of equity.

5. APPEAL AND ERROR, § 726*—*burden of proof to show decree not warranted by evidence.* The fact that defendant secured the incorporation of affirmative findings of fact in a decree dismissing a bill for want of equity does not relieve complainant, if it assigns such decree as error, from the burden of showing by a proper certificate of evidence that the decree is not warranted by the evidence in order to entitle itself to a reversal, as the incorporation of such findings in such a decree is unnecessary, and it is therefore immaterial whether such findings be findings of fact or conclusions of law and fact.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. APPEAL AND ERROR, § 726*—*necessity of proper certificate of evidence.* Where a complainant assigns as error a decree dismissing the bill for want of equity, the burden of showing that the decree was not warranted by the evidence cannot be sustained where complainant fails to file a proper certificate of evidence.

7. BILLS AND NOTES, § 446*—*sufficiency of evidence to establish ownership of note.* On a cross-bill raising the question of title to a note secured by a trust deed of which defendant was in possession, claiming to be a holder in due course, a decree finding affirmatively that plaintiff was the owner of the note and deed and that defendant was not a holder in good faith and for value in due course and had no title thereto, *held* sustained by the evidence.

