(No. 14149.—Appellate Court reversed; superior court affirmed.)
MARGARET A. LUDLUM, Plaintiff in Error, *vs.* MARY L. PINCKARD, Defendant in Error.

*Opinion filed October 21, 1922.*

1. MORTGAGES—*what is necessary to render grantee personally liable for incumbrance.* To render a grantee personally liable for an incumbrance on property conveyed, there must be an agreement, based on a sufficient consideration, to pay the incumbrance, and the mere facts of the insertion by the grantor of a clause in the deed that the grantee assumes the incumbrance, that he takes and claims the title, receives rents and pays the taxes, are not, of themselves, sufficient to create such personal liability.

2. SAME—*grantee must have knowledge of clause assuming incumbrance.* Unless it be shown by direct or circumstantial evidence that the grantee has some reason to suppose that the deed contains a personal contract on his part to pay a mortgage or other lien on the property, and that he has assented thereto, he cannot be held, as a matter of law, to have assumed such obligation.

3. SAME—*what authorizes deficiency decree against a grantee.* Where a grantee, out of funds not shown to be other than her personal funds, makes an unrestricted part payment of an incumbrance on property deeded to her, she must be held to have had knowledge of and ratified a clause in the deed reciting that "the grantee assumes and agrees to pay" all incumbrances, and such payment is sufficient evidence of her acceptance of such provision to authorize a personal decree against her in case of a deficiency after a foreclosure sale.

DUNN, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

CARROLL J. LORD, for plaintiff in error.

GOODRICH, VINCENT & BRADLEY, (JOSEPH M. GRIFFEN, of counsel,) for defendant in error.

304—29

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error by her bill for foreclosure against defendant in error and her husband, who is now deceased, secured a decree of sale of the mortgaged property. By the decree approving the master's report of sale a deficiency judgment was entered against the defendant in error. On appeal to the Appellate Court the decree of the superior court was reversed and the cause remanded, with directions to that court to vacate that part of the decree providing for a deficiency judgment, and the cause comes here by writ of *certiorari* on the petition of plaintiff in error, who was complainant in the foreclosure proceedings.

The facts concerning the making of the deed and mortgages in this case are not in dispute. It appears from the testimony of Charles P. Pinckard, husband of defendant in error, that he sold the premises in question in 1910 to Harry Soroken. He says that he put a mortgage for $6000 on the premises and that this mortgage became due in June, 1913, and to renew it a trust deed and notes were executed by Soroken, and Rose, his wife, on June 25, 1913, to the Chicago Savings Bank and Trust Company as trustee. Defendant in error alleges in her bill, and it is not denied, that she purchased and became the owner of said notes. She brings this bill to foreclose the trust deed given to secure said notes.

It appears that Pinckard sold these premises to Soroken for $11,500. Soroken paid $1500 in cash, assumed the mortgage put on the premises by Pinckard, and gave Pinckard a second mortgage for $4000. Soroken became in default of payments due under this second mortgage, and on September 11, 1913, at the direction of Pinckard, executed, with Rose, his wife, a quit-claim deed conveying the premises to Pinckard's wife, Mary L. Pinckard, defendant in error here. In consideration of this transfer Soroken's second mortgage, and the notes secured by it, were canceled and surrendered up to him. This quit-claim deed conveyed

all of the grantor's interest to the defendant in error, and contained a provision that it was made "subject to all incumbrances of record, which the grantee assumes and agrees to pay." Thereafter the defendant in error paid $1000 on the first mortgage. The sale of the property under decree of foreclosure in this case failed to realize the debt, interest and costs of the mortgage by $3399.11, and a deficiency decree was entered against the defendant in error for that amount. The master found, and the chancellor decreed, that the defendant in error had accepted the delivery of the deed and assumed the obligation of paying off the $6000 mortgage.

The only evidence taken on the hearing was that of Charles P. Pinckard, the husband, called on behalf of the complainant. He testified that the quit-claim deed was given in exchange for the second mortgage and notes thereunder which he held against the property; that he had the quit-claim deed made to defendant in error, his wife, as a gift of the property to her; that she did not know anything about the transaction and took no part in it; that she had nothing to do with negotiating the settlement with Soroken and knew nothing about it; that no money was paid, and that in consideration of the giving of the deed the second mortgage was delivered up and canceled. Pinckard further testified that after the execution of the quit-claim deed he paid the taxes and insurance on the property for his wife and collected the rents for her; that she owned other property and that he acted as her agent in all her business matters. Complainant also introduced in evidence a letter signed by defendant in error purporting to refer to a payment of $1000 on the mortgage in question here, but this letter does not appear to have been included in the master's report and does not appear in the abstract of record. In the briefs of her counsel it is conceded by the defendant in error that she did pay that amount on the mortgage.

The only question involved in the case is whether or not the accepting of title to the property and taking the benefit of the rents arising therefrom, together with payment of $1000 on the mortgage, amount to an acceptance or ratification of the clause in the deed reciting that the conveyance was made "subject to all incumbrances of record, which the grantee assumes and agrees to pay." There was no other incumbrance of record against the property.

An agreement on the part of a grantee to pay incumbrances on property conveyed must be based on sufficient consideration and the assumption clause of the deed be accepted and agreed to by the grantee. The law requires something more than the mere insertion by the grantor of a clause in the deed that the grantee assumes an incumbrance. The assumption of such incumbrance is by way of contract or agreement on the part of the grantee, and the grantee's assent to such contract must in some manner appear. While the general rule is that if the grantee takes and claims title under a deed he takes it by the terms of the deed, yet in order that a grantee be held personally liable for the payment of an incumbrance against the property, it must be shown, in addition to having accepted title to the property, that he assented to the condition of the deed relating to the personal assumption of the debt. Unless it be shown that the grantee in a deed has some reason to suppose that the deed to him contained a personal contract on his part to pay a mortgage or other lien on the property transferred, and that he assented thereto, he cannot be held, as a matter of law, to have assumed such obligation. *Thompson* v. *Dearborn,* 107 Ill. 87; *Merriman* v. *Schmitt,* 211 id. 263; *Blass* v. *Terry,* 156 N. Y. 122; *Gold* v. *Ogden,* 61 Minn. 88.

Applying the above rules to the case at bar, we come to the question whether or not there is in the record evidence showing a delivery and acceptance of the deed containing the assumption clause and assent thereto. Defendant in error offered no evidence, and, as we have seen, the plaintiff

in error's evidence shows that the defendant in error had nothing to do with the transfer of the property to her. There is no direct evidence showing that she knew anything about the assumption clause in the deed to her. She took title to the property, however, received the rents therefrom and paid taxes thereon, and while she, under the rules herein referred to, had constructive notice of all the conditions of the deed, such rules do not go to the extent of establishing an agreement on her part to be personally liable for the payment of incumbrances against the property in the absence of proof of some fact or circumstance from which such agreement on her part can be shown. The evidence shows that by letter she sent a payment of $1000 on this mortgage. While the letter is not in the record, from the testimony relating thereto it is evident that it was written by defendant in error and the money sent by her personally to apply on this mortgage. It does not appear that the money came from the rents of the property or from any other source except the personal funds of defendant in error. She contends, however,—and in this she is supported by the Appellate Court,—that this is merely an evidence of a desire on her part to free the property of the lien and not evidence of acceptance on her part of the assumption clause of the deed. With this we cannot agree. In the absence of any proof limiting the effect of such payment, we are of the opinion that it must be taken as an act of assent on her part to the assumption clause of the quit-claim deed to her. This payment undoubtedly establishes actual knowledge on her part of the existence of this mortgage. It also negatives any repudiation of the assumption clause in the deed and constitutes evidence of conduct on her part denoting an acceptance of such clause. It is not necessary, to show an acceptance of such a clause, that the grantee in express language accepted or ratified it. Such may be shown by any facts and circumstances evidencing such acceptance. We think that under the circumstances of this case this

payment on the mortgage must be taken as evidence of acceptance of the assumption clause in the deed.   This being true, the superior court was right in entering a deficiency decree as it did and the Appellate Court erred in reversing the same.

The judgment of the Appellate Court is therefore reversed and the decree of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Decree of superior court affirmed.*

Mr. JUSTICE DUNN, dissenting.

---

(No. 14242.—Reversed and remanded.)
LULU TURNBULL et al. Appellees, vs. ARTHUR W. BUTTERFIELD, Exr. Appellant.

*Opinion filed October 21, 1922.*