(No. 22159.—

JOHN STASCH, Appellant, *vs.* EDWARD STASCH *et al.* Appellees.

*Opinion filed February 23, 1934—Rehearing denied April 6, 1934.*

582

Louis M. Kaplan, for appellant.

James G. Skinner, and Joseph J. Jaros, for appellees.

Mr. Chief Justice Orr delivered the opinion of the court:

John Stasch, the appellant, filed his bill in the circuit court of Cook county to set aside a certain conveyance of real estate made by him to his son and daughter-in-law, the appellees. The cause was referred to a master in chancery upon the original bill and answer. Subsequent to the taking of considerable testimony, and by leave of court, an amended bill and answer were filed. The chancellor dismissed the bill for want of equity.

In substance the original bill alleged that complainant was seventy-six years old in 1931, when the questioned conveyance was made; that he had a wife, a married son (defendant) and two married daughters; that he was hard of hearing and otherwise feeble, physically and mentally, and that he was addicted to the use of intoxicating liquors and was unable to work. His property consisted solely of an apartment building in Chicago containing a store room and three flats, worth about $16,000. He alleges that on February 10, 1931, and for a long time prior thereto, he had reposed great confidence in his son, consulting with him frequently about his business affairs and soliciting his aid in and about the premises involved; that his son and

daughter-in-law had taken advantage of his confidence and started a campaign to bring him entirely under their control; that this was finally accomplished by fraudulent misrepresentations and the undermining of his mental powers by plying him with intoxicants, and that when under their control he was prevailed upon by them to execute a quitclaim deed to the property vesting the title in them. Defendants in their answer, after making denials of all material allegations of the bill, stated that the deed was made by complainant upon his own suggestion and under the exercise of his own faculties, without their interference. They allege that he executed the instrument because his wife and two daughters had turned against him, ill-treated him and appropriated his rent money. The amended bill was predicated upon the proposition that the conveyance was made under circumstances narrated in the original bill, based upon the false representations of defendants that they would take care of complainant until he died, provided he would deed his property to them. The answer to the amended bill stated that the suggestion as to defendants taking care of complainant in exchange for his property came entirely from him, without suggestion on their part. Full denial of fraud, misrepresentation or the use of undue influence was made in the answer. When the findings of the master were submitted he declared the equities rested with complainant. Upon exceptions made thereto, the chancellor, without hearing any evidence, sustained the exceptions and dismissed the bill.

The very nature of this case lays open the facts for review. Knowing this, complainant and defendants are at odds over the question as to how much weight this court will give to the findings of the master. We must first settle this question as a proper prelude to the discussion of the evidence.

Inasmuch as the chancellor did not hear any testimony in open court we are not bound by the rule that the find-

ings of the chancellor will not be overruled unless manifestly against the weight of the evidence. (*Oliver* v. *Ross,* 289 Ill. 624; *Mallinger* v. *Shapiro,* 329 id. 629.) We cannot give to the findings of the master any greater value than that of being merely advisory. They will not control our judgment in determining whether the chancellor acted properly in dismissing the bill in view of the facts and the law applicable thereto. (*Corbly* v. *Corbly,* 280 Ill. ·278.) We will assign to the findings of the master the worth to which they are entitled, but we are in nowise bound to follow those findings when our inspection of the record convinces us that he has erred in appraising the evidentiary value of the testimony.

Defendants assert that the original bill was predicated upon the theory that they had obtained the deed by fraud, misrepresentation and undue influence and was afterwards amended upon an entirely different and inconsistent theory— *i. e.,* a conveyance in consideration of support. They argue that such switch in base of recovery is a circumstance to be considered in determining the truth of the allegations, where the alleged facts of the amended bill were known at the time the original bill was filed and where the first bill was denied by an answer. Complainant takes the position that this rule of law cannot be applied when the agreement to support, upon which the amended bill rests, is not denied by defendants but is admitted by them in their answer. The rule of law advanced by defendants is established in this State. (*Calkins* v. *Calkins,* 220 Ill. 111; *Hill* v. *Alber,* 261 id. 124; *Rasch* v. *Rasch,* 278 id. 261.) Complainant mistakenly interprets the rule. He believes that before it can be invoked defendants must deny the theory upon which the amended bill rests. This is unnecessary. What defendants must deny under such circumstances are the allegations of fact upon which complainant predicates his charge of a breach or failure upon the part of defendants, otherwise complainant could know-

ingly rest his case upon false allegations of facts and when his chicanery was detected then allege, by amendment, the theory which he knew all the time to be correct. The present case is an apt one for the application of the rule. Doing so, we can give little credence to the testimony of complainant.

The evidence, which is highly conflicting, need not be treated in detail. Let it suffice to say that complainant is not the helpless or decrepit individual he represents himself to be. It is true that he is old and hard of hearing and the victim, in a certain sense, of strident family discord. He and his wife were so much at loggerheads that in 1931 she had him haled into court for non-support, with a divorce action looming in the background. The two daughters took the part of the mother. At about this time complainant, acting on his own impulse and of his own free will, tendered the proposed agreement to defendants of exchanging his property for their support and maintenance of him during the rest of his life. The proposition was accepted and its execution entered into. The record discloses that complainant was later prevailed upon to place his future welfare again in the hands of his daughters, to the discomfiture of defendants. Much was said about the untidy home of defendants. There is no question but that the evidence shows that their home was not spotless, but it is equally clear that complainant was not used to spotless surroundings. Some dereliction of duty on the part of defendants is shown, all of such a trivial nature as to be no basis for the theory that they failed to carry out their part of the agreement in a substantial manner. The chancellor, and not the master, correctly interpreted the testimony, and his dismissal of the bill for want of equity was fully warranted by the facts and the law.

The decree of the circuit court of Cook county dismissing the amended bill of appellant for want of equity is affirmed. *Decree affirmed.*