**H. C. Freitag, Appellant, v. Daniel R. Buck et al., Appellees.**

**Gen. No. 8,828.**

Opinion filed January 14, 1935. Rehearing denied April 2, 1935.

DeWitt S. Crow, of Springfield, for appellant.

Frank L. Trutter, Lyle K. Wheadon and Oscar J. Putting, all of Springfield, for appellees.

Mr. Justice Davis delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Sangamon county in favor of appellee on a bill to foreclose a mortgage and to set aside a release of the same which is alleged to be fraudulent.

Appellees, Daniel R. Buck and Lela E. Buck, being indebted to John S. Schnepp in the sum of $5,000, executed and delivered their two promissory notes to him, each for the sum of $2,500, with interest notes attached and dated June 4, 1923, both principal and interest payable at the office of John S. Schnepp, due in five years, and secured the payment of the same by two mortgages, in which John S. Schnepp was mortgagee, each conveying the premises involved in this proceeding, one of which mortgages was filed for record on June 7, 1923, and recorded in Volume 293 of Mortgages, page 294, and the other of which was filed for record on June 28, 1923, and recorded in Volume 293 of Mortgages, page 301, in the recorder's office of Sangamon county.

On June 26, 1923, John S. Schnepp sold and assigned the mortgage which was recorded in Volume 293 of Mortgages, at page 294, together with a principal note of $2,500 with interest notes attached, to H. C. Freitag, appellant, for a consideration of $2,500. The notes were indorsed and delivered to appellant and a separate written assignment was executed by Schnepp of the mortgage which was not filed for record by appellant until April 26, 1932. Appellant also received from Schnepp insurance policies upon the mortgaged premises and an abstract of title, but did not receive the mortgage that had been assigned to him.

The other $2,500 note with the mortgage securing the same was assigned to persons other than those who are parties hereto, and is not involved in this proceeding. Both of these mortgages were released by John S. Schnepp on the margin of the record of said mortgages in the recorder's office of Sangamon county on July 17, 1930. On September 24, 1923, appellees, Daniel R. Buck and Lela E. Buck, conveyed the premises involved in this proceeding to George A. Baker, subject to an incumbrance of $5,000, and during the time that he owned the premises Baker paid to Schnepp the sum of $300 on the same. On March 19, 1925, George A. Baker and wife conveyed said premises to Everett J. Fleming and Margaret Fleming, subject to a mortgage indebtedness of $4,700. Interest on said amount together with $700 of the principal was paid by them to John S. Schnepp during the time they were the owners of the property. They sold and conveyed the premises to Roy L. Poland and Alice M. Poland on June 14, 1927, subject to two mortgages upon which there was a balance due of $4,000, together with the interest from June 4, 1927, which, by the terms of said deed, the grantees assumed and agreed to pay. Poland and his wife paid the interest on said indebtedness and also most of the principal to John S. Schnepp, and on June 5, 1930, there was a balance due of $552.31, principal and interest, when they applied to appellee, the German-American Savings and Loan Association, for a loan of $3,000. Upon making the loan to Poland and his wife, the association issued three checks, one for $143.50, being for the amount due the association for accrued interest, premiums and other expenses in connection with the loan; one for $552.31, the balance due on the mortgage indebtedness, principal and interest; and one for $2,304.17, being the amount that was due to Poland and his wife out of the $3,000 they had borrowed. The check for $552.31 for balance due

on the mortgage indebtedness and the one for $143.50 were both made payable to Roy L. Poland, and by him indorsed and delivered to the association.

This loan was evidenced by a note for $3,000, executed by Roy L. Poland and Alice M. Poland and secured by mortgage on the property in question. Marie Herman, secretary of the association, conducted the negotiations with Roy Poland and his wife Alice, in connection with this loan, and at this time the two mortgages were still unsatisfied of record and standing in the name of John S. Schnepp, and the check for $552.31, the balance due, was to be given to Schnepp upon the release of the mortgages. When the check was handed to Mr. Schnepp by Marie Herman he said he would go over and release the mortgages of record, which he finally did on July 17, 1930. At the time payments were made on the principal and interest by the various parties and at the time the $3,000 loan was negotiated the record title to the mortgages in question was in the name of John S. Schnepp, and it appears from the evidence that none of the persons dealing with Schnepp had any knowledge that appellant was the assignee of the notes and mortgage in question. John S. Schnepp at the time the $3,000 loan was made by the German-American Savings and Loan Association was a director of the association and had been president for one or two years and acted as attorney at times, but was not its president at the time the $3,000 loan was made, and he did not act as attorney in the making of the loan, nor pass upon the title for the association.

It appears that John S. Schnepp had been a resident of Springfield for many years. He was an attorney at law and did quite an extensive business in making loans and selling notes, and was also in the insurance business. He was at one time the mayor of the city of Springfield, and had been a member of the board of

supervisors of Sangamon county and president of the German-American Savings and Loan Association, appellee, and was a director of said association, and he had the confidence of all of the parties concerned in this litigation and so far as the record discloses no one questioned his sincerity and honesty. He disappeared from Springfield about the month of January, 1932.

The cause was referred to Edward Pree, special master in chancery, to take the evidence and report the same together with his conclusions. He took the proofs of the respective parties and made a report of his findings; objections were filed by appellant to the findings which were overruled by the master, and by agreement of the parties to said cause the court ordered that said objections filed to the report of the master stand as exceptions before the court. Upon a hearing by the court upon the exceptions to the report and findings of the master in chancery the same were overruled, and the bill of complaint was dismissed for want of equity by a decree entered in said cause on December 29, 1933.

In dismissing the bill for want of equity the court made certain findings of fact in support of the decree. It is not necessary when a bill is dismissed for want of equity to recite findings of fact in the decree, and such findings of fact have no place in a decree dismissing a bill for want of equity. The rule that the party in whose favor a decree is entered must preserve the evidence, and that such decree must be reversed if not sustained by the evidence in the record applies only in cases where affirmative relief is obtained. But a decree dismissing a bill needs no evidence to support it because it is supported by the absence of any evidence, since that is the proper decree in case there is no evidence or if the evidence is insufficient to authorize the relief asked for. A complainant aggrieved by such a decree must show that the evidence entitled him to

the relief for which he prayed, and to do this must preserve the whole of the evidence. *First Nat. Bank of Chicago v. Baker,* 161 Ill. 281; *Kelly v. Funkhouser,* 171 Ill. 205; *State Bank of Chicago v. Christensen,* 195 Ill. App. 496, 499; *Hyde Park Investment Co. v. Hyde Park State Bank,* 257 Ill. App. 539, 541.

We will not consider the objections of appellant to the findings in the decree dismissing the bill for want of equity but will determine as to whether the evidence is sufficient to entitle appellant to the relief for which he prayed.

The general rule in Illinois is that a mortgage is not a negotiable instrument, but is a mere chose in action and an assignee to be protected against payments by the mortgagor must either have the assignment recorded or the mortgagor must have notice of the rights of the assignee. *Buehler v. McCormick,* 169 Ill. 269; *McAuliffe v. Reuter,* 166 Ill. 491; *Towner v. McClelland,* 110 Ill. 542.

The evidence fails to disclose that any of the appellees had notice of the assignment of the mortgage and such assignment was not filed for record until long after the notes secured by said mortgage were paid and said mortgage released of record by John S. Schnepp, the mortgagee, and under this general rule appellees are entitled to any defense against appellant, the assignee of the mortgage, which they might have interposed against the original mortgagee.

Conceding this to be true appellant, however, contends that this rule is limited to cases where the property is still owned by the mortgagor and that as to the purchasers of mortgaged premises, who take subject to the mortgage and assume and agree to pay it, there is no duty on behalf of the assignee of the mortgage to give notice, but such purchasers of the premises must see to it that he pays the debt to the legal holder of the note. In support of this contention is cited the case of *Schultz v. Sroelowitz,* 191 Ill. 249.

The evidence fails to disclose that either George A. Baker, Everett J. Fleming or Margaret Fleming assumed and agreed to pay the mortgage indebtedness on the premises when they became the purchasers of the same. While it is true that the deed from Everett J. Fleming and his wife, Margaret, to Roy L. Poland and wife contained a provision that the deed was made subject to two certain mortgages then on said premises, on which was a balance due of $4,000 and interest from June 4, 1927, which grantees assumed and agreed to pay, yet the evidence discloses that the same was inserted in the deed by John S. Schnepp when he prepared the same. Neither the grantors nor grantees in said deed ever had any conversation concerning the assumption of said indebtedness or any agreement that said provision should be inserted in the deed, and grantees never agreed to become personally liable for any indebtedness then on the property, and neither grantors nor grantees knew that the language was in the deed when the same was executed and delivered.

An agreement on the part of a grantee to pay incumbrances on property must be based on sufficient consideration and the assumption clause of the deed be accepted and agreed to by the grantee. The law requires something more than the mere insertion by the grantor of a clause in the deed that the grantee assumes an incumbrance. The assumption of such incumbrance is by way of contract or agreement on the part of grantee, and the grantee's assent to such contract must in some manner appear. Unless it is shown that the grantee in a deed has some reason to suppose that the deed to him contained a personal contract on his part to pay a mortgage or other lien on the property transferred, and that he assented thereto, he cannot be held as a matter of law to have assumed such obligation. *Ludlum v. Pinckard,* 304 Ill. 449, 452; *Thompson v. Dearborn,* 107 Ill. 87.

At the time appellant purchased the $2,500 note and mortgage in question he had been acquainted with John S. Schnepp for 20 years and had business dealings with him before he bought the note, having bought other notes and mortgages from him. He knew that Schnepp did a great deal of business in making loans and selling notes. He had a talk with Schnepp who said he had a note for sale. Appellant did not know the makers of the note and made no effort to find out who they were and did not see the property, and does not remember that Schnepp told him where the property was located, but according to the papers he knew about where it was. At that time he did not see any mortgage and never got possession of the same, and testifies that he thought the assignment was the mortgage. He did not know whose name the mortgage was in on the record. Mr. Schnepp told him not to record the paper he gave him; said that it was not necessary and that he, Schnepp, would take care of that. As the coupon notes matured appellant would go to the office of Mr. Schnepp and receive the money due and surrender the note, and after the principal note matured he presented the note to Schnepp and received his interest and the same was indorsed on the back of the note, the last interest indorsed being of date December 4, 1931. Appellant testified that he relied upon Mr. Schnepp in matters pertaining to the loan and relied upon him for the payment of the interest, and that he had purchased other notes from him and trusted him as to the character of the note he purchased, as to who made it, the security and examination of title. He testified that he did not at any time authorize or direct John S. Schnepp to satisfy or release this mortgage. He took no steps to collect the principal of the note until this suit was commenced in April, 1932, about four years after maturity of the same, and the assignment of the mortgage was not recorded until April 26, 1932. He testified that John S. Schnepp in-

dorsed the note because he had to, and he supposed he meant to guarantee it; that he relied upon his honesty and business experience, and left the whole matter to him; that he was not concerned at all whether Schnepp collected any interest or not on the note, he would be paid just the same; that he was not concerned about the makers of the notes or any one else liable on the notes, whether they did or did not pay; that if John Schnepp was here and paid him the interest, he would not mind if that loan ran along for 20 or 30 years.

Each time the property was conveyed the parties went to Schnepp and he drew up the conveyances and did the business for them. Whenever any of the parties made payments they were made to Schnepp. Schnepp received the payments and did not notify them he was not the owner of the notes in question. When the mortgage was executed by Poland and wife to the German-American Savings and Loan Association Schnepp informed them as to what was due on the incumbrance on the premises and gave them the abstract of title to the property. The greater part of the incumbrance on the premises was paid after the notes fell due. It is true that none of the parties who made payments on any of the indebtedness ever demanded the notes of Schnepp, and when the balance due was finally paid all that was required was the releases of the two mortgages of record. All the interested parties had absolute confidence in the honesty of John S. Schnepp, and from the time John S. Schnepp assigned the $2,500 note and mortgage to appellant down to the taking of the mortgage by appellee, the German-American Savings and Loan Association, they depended entirely upon the honesty of Schnepp. They relied upon the record title in the recorder's office as to the ownership of the property and the records showing that John S. Schnepp was the holder and owner of the two mortgages and the

notes secured thereby, it was taken for granted that he had never sold or assigned the same.

In the case of *Schultz v. Sroelowitz, supra,* it was held under the facts in that case that the rule requiring the assignee of a mortgage securing notes indorsed in blank to give actual or constructive notice, in order to protect himself against payments to the mortgagee, does not extend to subsequent purchasers of the property who assume and agree to pay the incumbrance; and under the facts in the case of *Ludlum v. Pinckard, supra,* it was held that a grantee in a deed containing a provision that the grantee assumes and agrees to pay the mortgage indebtedness against the premises, by making payments on the mortgage indebtedness, assented to the assumption clause and negatived any repudiation of said clause in the deed and such payments constituted evidence of the acceptance of the clause, even though grantee did not know such clause was inserted in the deed, but, in view of the evidence in this case, we are of the opinion that these cases are not controlling.

This litigation is the outgrowth of the fraudulent conduct of Schnepp which must result in loss to one or more of the parties concerned, and it is often a difficult matter in such cases to determine upon whom the loss should fall.

Appellant by trusting in Schnepp and permitting him to act for him in the collection of the interest and relying upon him as to the safety of the loan and by not placing his assignment of the mortgage on record on the advice of Schnepp and his statement that he would take care of that, and from failing to get from Schnepp the original mortgage, and by allowing him to conduct all the business in relation to the loan, put it in the power of John S. Schnepp to perpetrate the fraud which resulted in loss. The only negligence chargeable to any of the appellees is the fact that they

made payment of money to Schnepp on the indebtedness without requiring him to surrender the note. Four thousand dollars were paid on the principal of the note after it became due. Even after the maturity of the principal note appellant received payments of interest on the note, and never looked to anyone but Schnepp for his money for the reason that he apparently relied upon Schnepp for the payment of the same and never took any steps to assert his claim until after the full payment to Schnepp of this indebtedness and the releasing of the mortgages of record, nor until after Schnepp disappeared from Springfield.

It was the duty of appellant, if he wished to protect himself as against subsequent purchasers and incumbrances without notice, to have recorded his assignment of the mortgage, but this he failed to do, and now long after the maturity of the note secured thereby and after the mortgage was released of record by the holder of the record title to the same, he seeks to charge appellees with knowledge of the assignment because, as he charges, they assumed and agreed to pay the incumbrance on the premises when they purchased the same, when the facts are, as disclosed by the evidence, that the deed to Poland and wife was the only one that contained an assumption of indebtedness and this clause was inserted without the knowledge of either the grantors or grantees in said deed by Schnepp when he drafted the same, but that because of the fact that payments were made by Poland and wife to Schnepp on this indebtedness that they thereby assented to such assumption in said deed and were bound to see to it that they paid appellant as the legal holder of the note secured, when he by his own trust in Schnepp put it in the power of Schnepp to fraudulently receive and appropriate to his own use the payments made to him upon the principal of said note.

We are of opinion that appellant has failed to show by the evidence that he is entitled to the relief for

which he prayed. It would be inequitable and unjust to deny appellees, Roy L. Poland and Alice M. Poland and the German-American Savings and Loan Association, the right to be credited with the payments of principal and interest made by Roy L. Poland to Schnepp, even though they failed to require John S. Schnepp to surrender the note·and mortgage when the same was finally paid.

The decree of the circuit court of Sangamon county is affirmed.

*Affirmed.*