Ethel M. Sebolt, Defendant in Error, v. Nadesda Verderevski et al., Defendants. Konstantas Stulas and Veronika Stulas, Plaintiffs in Error.

Gen. No. 36,980.

Opinion filed February 1, 1935.

JAMES C. BAKER, of Chicago, for certain plaintiffs in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On September 19, 1930, complainant filed a bill to foreclose a trust deed, executed by Robert R. Simon, on certain improved premises in Chicago, to secure a principal note for $9,000, and certain coupon notes, dated March 13, 1926, and which were guaranteed on the back by Peter Conrad before delivery. Conrad alone filed an answer to the bill. Other defendants, including the two Stulases, were duly served but failed to appear, and on April 17, 1931, all were defaulted and a decree *pro confesso* was entered as to them. Thereafter the cause was referred to a master and certain evidence on complainant's behalf was taken before him. Thereafter he filed his report, finding that the total amount due to complainant including solicitor's and stenographer's fees was $10,889.67, and recommending that the trust deed be foreclosed and the premises be sold, etc. On June 2, 1931, following the master's report, the court entered a decree of foreclosure and sale. Among the findings in the decree are the following in substance:

That there is of record in the recorder's office of Cook county a deed conveying the premises from Anthony Lunecki and wife to the defendants, Konstantas and Veronika Stulas, dated January 7, 1930, and recorded on January 20, 1930, as document No. 10577064; that "said deed was expressly made subject to incumbrances of record and provided that the purchasers (the Stulases), *as a part of the consideration for the conveyance, assume and agree to pay said incumbrances of record*"; that on the dates of the execution and recordation of said deed the trust deed herein sought to be foreclosed "was one of the incumbrances of record"; that *"by reason of the agreement* of said

defendants (the Stulases) they *are personally liable* for the payment of the amounts hereinabove found to be due and owing to the complainant''; that Robert R. Simon and Peter Conrad are also personally liable to complainant for the payment of said amounts; that in the event a sale of the premises is had and the amount received therefrom is insufficient to satisfy in full the amounts found to be due to complainant, then ''complainant is entitled to have a deficiency decree for any deficiency against said defendants, Konstantas and Veronika Stulas, Robert R. Simon and Peter Conrad.''

Following the foreclosure decree the premises were sold, at the master's sale on July 31, 1931, to the complainant for $7,500, and on August 12, 1931, the master's report of sale and distribution was filed, reporting a deficiency due to complainant of $3,841.67. On the same day (August 12, 1931) the court entered the deficiency decree which the Stulases by the present writ of error (sued out on August 9, 1933) seek to reverse. In that decree the court found *inter alia* that the proceeds realized from the sale were not sufficient to pay the amounts due to complainant; that the deficiency amounts to $3;841.67; that ''the defendants, Konstantas and Veronika Stulas, Robert R. Simon and Peter Conrad, are each and all *personally liable* to complainant for such deficiency''; and that complainant has a lien upon the rents, issues and profits until such deficiency shall have been paid. And the court ordered and decreed in part:

''That complainant have and recover of and from the defendants (the Stulases, Simon and Conrad) the amount of said deficiency, viz., $3,841.67, with interest thereon at 5% per annum from July 31, 1931, the date of the master's sale; and that execution issue therefor in favor of complainant and against said defendants.''

The allegations of complainant's bill, material to the present controversy, are the following in substance:

That defendant Verderevski is now the owner of the premises and of the equity of redemption; that the trust deed sought to be foreclosed is a valid *first* lien on the premises; that there are other subordinate incumbrances thereon, viz., (a) mortgage by said Lunecki and wife to John Rekosk, as trustee, dated August 15, 1929 and (b) trust deed by said Lunecki and wife to Peter Conrad, trustee, dated August 15, 1929.

"12th. That there is of record in the recorder's office of Cook county a deed conveying the premises from Anthony Lunecki and wife to the defendants, Konstantas and Veronika Stulas, dated January 7, 1930, and recorded on January 20, 1930, as document No. 10577064; that said deed was expressly made subject to incumbrances of record, and provided that the purchasers (the Stulases), as a part of the consideration for the conveyance, *assumed and agreed to pay* said incumbrances of record; that one of the incumbrances then of record was the trust deed herein sought to be foreclosed; that by reason of the agreement of said defendants (the Stulases) they are *personally liable* for the payment of the amounts secured to be paid by the trust deed herein sought to be foreclosed."

In *Gault v. Hoagland,* 25 Ill. 266, 268, it is said (italics ours):

"A decree *pro confesso,* as we understand it, concludes the party *only as to the averments in the bill.* He cannot, on error, allege the want of testimony, or the insufficiency or amount of the evidence the court may have heard. The rule is well settled that a defendant in chancery cannot, on error, object to the

insufficiency of complainant's proof when the bill is taken for confessed. . . . He may, however, on error, *contest the sufficiency of the bill itself,* and insist that the averments contained in it *do not justify the decree.''*

These holdings have been followed in subsequent cases decided by our Supreme Court. (See *Jacksonville, N. & S. R. Co. v. Town of Virden,* 104 Ill. 339, 342, 343; *Glos v. Swigart,* 156 Ill. 229, 232; *Monarch Brewing Co. v. Wolford,* 179 Ill. 252, 255.) In the last cited case it is said: ''The decree must not be broader than the averments of the bill, and those averments must be such as to justify the relief prayed.'' In the *Town of Virden* case it is said: ''The findings of the court are not material, as the bill was taken *pro confesso.* On such a decree all of the material allegations of the bill are taken as true, and such a decree as they warrant will be sustained.''

In urging a reversal of that portion of the deficiency decree now in question (wherein a judgment was rendered against the Stulases, and two others, for $3,841.67, for the amount of the deficiency arising after the sale of the premises), the main contention of counsel for the Stulases is in substance that the allegations of complainant's bill do not justify that portion of the decree as to the Stulases. Counsel argues that the only pertinent allegations of *fact* contained in the bill are in substance (a) that there is of record a deed from the Luneckis conveying the premises to the Stulases, (b) that said deed was made subject to incumbrances and provided that the purchasers, ''as a part of the consideration for the conveyance, *assumed and agreed to pay* said incumbrances,'' and (c) that the trust deed being foreclosed was one of the incumbrances; that the further allegation in the bill (that by reason of said agreement the Stulases are ''personally liable'' for the payment of the amounts secured to be

paid by the trust deed being foreclosed) is a mere conclusion of law and not justified by the other allegations; that there is not contained in the bill any allegations that the Stulases had any knowledge that the Lunecki deed to them contained the provisions mentioned, or that the Stulases by acts on their part assented to becoming personally liable for any incumbrances on the premises, or that they accepted the Lunecki deed with such understanding; and that by the Stulases default, and the entry of the foreclosure decree taken *pro confesso* as to them, they only admitted such *facts* as were properly pleaded in the bill.

Complainant's counsel in their brief and argument here filed state that "the *only* question presented to this court is whether the allegations in complainant's bill, of an agreement by the defendants (the Stulases) to assume the mortgage, is sufficient to sustain the deficiency decree and the finding that they assumed the mortgage." And they contend in effect that said allegations are sufficient to sustain and warrant the decree. In the case of *Ludlum v. Pinckard* (decided in 1922) 304 Ill. 449, 452, our Supreme Court said (italics ours):

"An agreement on the part of a grantee to pay incumbrances on property conveyed must be based on sufficient consideration and the assumption clause of the deed *be accepted and agreed to by the grantee.* The law requires *something more than the mere insertion* by the grantor of a clause in the deed that the grantee assumes an incumbrance. The assumption of such incumbrance is by way of contract or agreement on the part of the grantee, and the *grantee's assent to such contract must in some manner appear.* While the general rule is that if the grantee takes and claims title under a deed he takes it by the terms of the deed, yet in order that a grantee be held personally liable for the payment of an incumbrance against the prop-

erty, it must be shown, *in addition to having accepted title to the property,* that he *assented* to the condition of the deed relating to the personal assumption of the debt. Unless it be shown that the grantee in a deed has some reason to suppose that the deed to him contained a personal contract on his part to pay a mortgage or other lien on the property transferred, and that he *assented* thereto, *he cannot be held,* as a matter of law, *to have assumed such obligation.*'' (Citing cases, including *Thompson v. Dearborn,* 107 Ill. 87.)

After carefully reviewing the allegations of complainant's bill, the deficiency decree, and the briefs and arguments of opposing counsel, and considering the holdings in the adjudicated cases herein above referred to, we are of the opinion that said allegations of complainant's bill were not sufficient to warrant the court in including in the decree in question the judgment against the Stulases for the deficiency. Such were the holdings and decision in substance in the somewhat similar case of *Thompson v. Dearborn,* 107 Ill. 87, 93, 94. Accordingly, that portion of said decree affecting the Stulases, and particularly the personal judgment rendered against them, is reversed, and the cause is remanded to the circuit court for such modification of said decree as is consistent with the views herein expressed.

*Reversed and remanded with directions.*

Scanlan and Sullivan, JJ., concur.