Joseph Zamis, Appellant, v. Charles Hanson et al., Appellees.

Gen. No. 40,632.

Opinion filed November 27, 1939. Supplemental opinion filed and rehearing denied December 14, 1939.

ALOIS MAVRIC, of Chicago, for appellant.

HAROLD .V. SNYDER, of Chicago, for appellees.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Zamis, plaintiff in the trial court, filed a bill to foreclose a trust deed and a decree was entered in his favor on November 21, 1938. He appeals, however, from certain parts of the decree. The trust deed was executed on September 10, 1928, by Charles Hanson, a widower. The conveyance was to secure an indebtedness of $3,000 represented by two notes of the same date, number one for $500 and number two for $2,500. The Chicago Title & Trust Company was named trustee.

Hanson was a contractor, and the notes and mortgage were in the first instance negotiated by the A. T. Roner Investment Company, who sold the note for $2,500 to the plaintiff on January 2, 1929, and delivered it with the trust deed, guaranty and insurance policies to plaintiff. A. T. Roner was the president of the investment company. He had been in the mortgage business for 42 years. Plaintiff had often dealt with A. T. Roner and had much confidence in him.

On September 6, 1929, Hanson by warranty deed conveyed the mortgaged premises to Christine H. Roner, the wife of A. T. Roner. Reuben G. Carlson, who was the nephew of Mrs. Roner and secretary of the investment company, took Hanson's acknowledgment to the deed. The deed was recorded by the investment company and came back from the recorder's office with the blue label of that company attached to it. Prior to this conveyance to Mrs. Roner, Hanson entered into a contract with Henry Repple and Ivon Repple, his wife, agreeing to convey the premises to them upon the payment of $5,800. On September 5, 1929, one day prior to making the deed to Mrs. Roner, Hanson assigned this contract to the A. T. Roner Investment Company. On August 10, 1932, at the request of the A. T. Roner Investment Company plaintiff delivered his note for $2,500 and other papers to A. T. Roner at the office of the investment company. The delivery was for the purpose of making an agreement with the Repples, as owners, and the owners of the trust deed, extending the time of payment. On September 10, 1932, the time of payment was extended for three years and the extension indorsed on the notes. Extension coupons dated September 10, 1932, representing the interest which would accrue upon the indebtedness until the end of the extended period, were executed and delivered by Repple and his wife. The notes and the interest were both payable as due at the office of the A. T. Roner Investment Company.

On December 20, 1932, Christine H. Roner and her husband by deed conveyed these and other premises to Reuben G. Carlson, as trustee, under a written declaration of trust known as No. 32. No consideration was paid for this conveyance. The declaration of trust, however, bears date December 1, 1932, and trustee's certificates were issued to A. T. Roner, 200 shares; Christine H. Roner, 90 shares; Reuben G. Carlson, 110 shares; and Anna C. Carlson, 100 shares. The declara-

tion of trust and the trustee's certificates were signed by Reuben G. Carlson, as trustee, and by Reuben G. Carlson, Arno T. Roner and Christine H. Roner, as owners of the shares.

The amended bill to foreclose was put at issue, referred to a master, and the decree entered was upon the master's recommendation, the chancellor overruling exceptions of the plaintiff thereto.

Pending this suit Christine H. Roner, on November 2, 1938, died. Her executors have been substituted as parties defendant. It is argued in their behalf that the action as against her abated, citing *Morse v. Gillette,* 93 Ill. App. 23, 26. However, under section 54 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 178; Jones Ill. Stats. Ann. 104.054] this right of action survives against her personal representatives. (Smith-Hurd's Ann. Stats., ch. 110, sec. 54, par. 178, p. 479 [Jones Ill. Stats. Ann. 104.054].)

Plaintiff contends the decree is erroneous in two respects. First, he says, it should have provided in case of deficiency for judgment against Mrs. Roner, Arno T. Roner and the A. T. Roner Investment Company. Secondly, he contends that the lien of the $500 note should have been subordinated to his lien under the $2,500 note.

The deed of September 6, 1929, from Hanson to Christine H. Roner conveys and warrants the premises subject to tax assessments, etc., specifically describes the trust deed of September 10, 1928, and the notes of even date secured thereby, and expressly states: "which grantee assumes and agrees to pay." Upon the hearing before the master, Mrs. Roner testified: "I did not know anything about the existence of this deed, I never knew anything about it. Nobody ever asked me for my consent to convey this property to me. I did not receive any money in consideration. I don't know about it at all. I never received any thing. I have never seen it before. The first time I knew that

this property was in my name was just now, when you are talking. I don't know that I signed a deed at the request of someone to convey various properties that they had conveyed to me." On cross-examination she said that she knew Carlson; that he was secretary of the company and her nephew; that A. T. Roner was her husband; that she was not an officer of the A. T. Roner Investment Company; that she did not sign the document, exhibit 15, which is the instrument of conveyance from Christine H. Roner and A. T. Roner to Reuben G. Carlson, as trustee of Trust No. 32.

The master found that the title to this and other property was at the request of her husband, A. T. Roner, taken in the name of his wife, Christine H. Roner, and that on December 20, 1932, she joined in conveying all these properties to Reuben G. Carlson, as trustee of Trust No. 32. Plaintiff has not objected to these findings. The master also found, as a matter of law, that neither Christine H. Roner nor the A. T. Roner Investment Company were personally liable. The plaintiff objected to these findings and also objected that A. T. Roner was not also held to be personally liable. Plaintiff argues that Mrs. Roner's denial of knowledge cannot prevail in the face of circumstances which raise a presumption that she knew. The undisputed facts that she was the wife of A. T. Roner, who was the president of the investment company; that she was a shareholder in that company; that she was a beneficiary of the assets of the company and of the Trust No. 32, to which she conveyed the premises; that the deed was written on a form used by the A. T. Roner Investment Company, was returned to that company by the recorder's office, all, it is said, indicate actual knowledge by Mrs. Roner and show that she took title for and on behalf of the investment company. The finding of the master who saw and heard the witness has been approved by the chancellor. In this court the finding is entitled to the same weight as a verdict of a

jury. *Stasch v. Stasch,* 355 Ill. 581; *Pasedach v. Auw,* 364 Ill. 491. We think, as to the issue of fact of lack of actual knowledge on the part of Mrs. Roner, we cannot say that the finding of the decree is clearly and manifestly against the weight of the evidence. Nevertheless, on the uncontradicted facts, we think Christine H. Roner is liable on the covenant to assume and pay. In her answer she said that she conveyed the title to these premises as soon as she was informed of the deed containing the assumption clause. In her testimony she said she did not know of the deed putting title to the premises in her name until the particular moment at which she was testifying. She did not, however, amend her answer. She did not deny the authority of her husband or Carlson or the investment company to act in her behalf. She did not repudiate any transaction made by them or either of them for her. She holds 90 shares in the trust to which, by deed in which her husband joined, she conveyed these premises. Under such circumstances she cannot now be heard to say she did not know of the assumption covenant. As a matter of law, she is estopped to deny knowledge of it and must be held to have ratified the acts of her agents. *Swisher v. Palmer,* 106 Ill. App. 432. It was for her to disaffirm at the earliest practicable moment after knowledge. *Sutter v. Rose,* 169 Ill. 66. *Merriman v. Schmitt,* 211 Ill. 263, upon which defendant relies is not applicable for the reason that there the supposed deed was in fact only a mortgage.

The leading case on the liability of a grantee who in the deed assumes and agrees to pay a mortgage encumbrance is *Dean v. Walker,* 107 Ill. 540. In that and subsequent cases, the Supreme Court places liability on the theory that when one person makes a promise to another for the benefit of a third person, the latter may maintain an action on it and holds that it is not necessary that there should be further consideration passing from the third person.

For the reason we have pointed out, we hold the personal representative of Christine H. Roner is bound by the covenant in her deed assuming and agreeing to pay this mortgage.

The liability is contractual in its nature, and we are not aware of any theory upon which A. T. Roner or the A. T. Roner Investment Company can be held to be bound by this covenant to pay. It is suggested that Mrs. Roner was the agent and trustee of the A. T. Roner Investment Company and that the company is liable on that theory. However, the covenant of a trustee is not ordinarily binding on a *cestui que trust*. Plaintiff cites *Bride v. Stormer*, 368 Ill. 524; *Gage v. Cameron*, 212 Ill. 146; *Libby v. Union Nat. Bank*, 99 Ill. 622. All of these cases are distinguishable in that the agent who assumed was wholly without real interest in the premises. Here Mrs. Roner reconveyed to Trust No. 32 and holds certificates for her interest. The evidence here will not sustain the theory on which those cases were decided.

Plaintiff next contends the investment company is estopped to assert that its $500 note is on a parity with the note of plaintiff. The amended complaint, filed April 10, 1936, alleged that at the time plaintiff purchased the $2,500 note, A. T. Roner told him that the entire amount of the mortgage was represented by the $2,500 note. Plaintiff says that was untrue; that he relied upon the representation in the purchase of the security and was thus defrauded. The same averment appears in the third amended complaint. Upon the hearing before the master, plaintiff at first testified that when he purchased the $2,500 note Mr. Roner, with whom he was dealing, said nothing about any other note; that the trust deed was delivered to him but he never examined it; that he did not know that he was not the exclusive owner of this trust deed until afterward. At later hearings, plaintiff changed his testimony and said Mr. Roner told him about the $500 note

but said it had been paid in full. Mrs. Zamis also testified. She said she was present when the note was purchased and, contradicting her husband, said that the trust deed was brought from the vault and that plaintiff inquired about the $500 note. She says, however, Roner said everything was paid and that it was all clear. Plaintiff explains that his knowledge of the English language is somewhat deficient. A. T. Roner testified in detail to the transaction and to the effect that he first tried to sell the $3,000 mortgage to plaintiff and explained fully to him about the $500 note outstanding.

The issue here is clearly one of fact. The testimony of Roner and the documents themselves are against the somewhat conflicting testimony of Mr. and Mrs. Zamis. The master found against the plaintiff on this issue of fact. His finding has been approved by the chancellor. Upon appeal to this court this finding is entitled to the same weight as the verdict of the jury. *Stasch v. Stasch,* 355 Ill. 581; *Pasedach v. Auw,* 364 Ill. 491. The question before us is whether the finding is clearly and manifestly against the weight of the evidence. We cannot say that it is. The decree will be affirmed in all respects except as to the finding that the personal representatives of Christine H. Roner are not to be held liable for any deficiency. For the error in that respect the decree will be reversed and the cause remanded with directions to enter a decree in conformity with the views expressed in this opinion.

*Reversed and remanded with directions.*

O'CONNOR and McSURELY, JJ., concur.

### SUPPLEMENTAL OPINION UPON REHEARING.

A. T. Roner, administrator of the estate of Mrs. Roner, has filed a petition for rehearing complaining in substance that the opinion ignores his position that there must have been an "initial consideration" for the assumption of the mortgage indebtedness by Mrs.

Roner. The administrator calls attention to *Sebolt v. Verderevski,* 279 Ill. App. 30; *Thompson v. Dearborn,* 107 Ill. 87. In these cases the question was considered from the standpoint of whether the allegations of the bill were sufficient to show an agreement to assume and pay the mortgage indebtedness. Here the issue is of fact. *Thompson v. Dearborn* was by a much divided court. The law applicable is more fully stated in the later case of *Dean v. Walker,* reported in 107 Ill. 540. The administrator calls our attention to language in the opinion of the Supreme Court in *Ludlum v. Pinckard,* 304 Ill. 449. It should be noted, however, the Supreme Court there (reversing this court) held the grantee liable on grounds similar to those in this case found persuasive. Mrs. Roner testified. She did not deny either the authority of her husband or the Investment Company to act in her behalf.