### Devinia Griffin, Executrix of the Last Will and Testament of Joel Griffin, Deceased, Appellee, v. James C. Gay and Fred S. Gay, Appellants.

#### Gen. No. 7,576.

DEEDS OF CONVEYANCE—*improper delivery out of escrow ineffectual to make covenants of deed operative.* Grantees named in a deed placed in escrow to be delivered to them only upon payment of the full purchase price of the land conveyed are not entitled to defend an action by the grantor for damages resulting from their act in obtaining a delivery of the deed to them by fraudulent and surreptitious means in violation of the escrow agreement and after payment of a portion only of the purchase price, on the ground that the portion of the price not paid was legally deductible, being the amount of drainage assessments which were a lien against the premises, under the covenant of warranty against incumbrances, nor can such amount be recouped against the damages recoverable by plaintiff as for a breach of such covenant, since it could only become operative upon valid delivery of the deed.

Appeal by defendants from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed January 10, 1924. *Certiorari* denied by Supreme Court (making opinion final).

L. T. GRAHAM, WILLIAM and BARRY MUMFORD, for appellants.

WILLIAMS & WILLIAMS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action on the case commenced in the circuit court of Pike county by Joel Griffin, now deceased, against James C. Gay and Fred S. Gay, the appellants, to recover damages alleged to have been sustained on account of the alleged wrongful and fraudulent act of the appellants in the procuring of a warranty deed from the Minier Bank of Rockport in violation of the terms and conditions of the escrow under which it was held by the bank.

The declaration alleges that Griffin, the grantor in the deed, was the owner of a farm in Pike county, containing 132.07 acres of land, of the value of $12,000, which the appellants had agreed to purchase; and that the grantor Griffin, at their instance, executed a deed and placed the same in the possession of the bank in escrow, with particular instructions in writing as to the terms and conditions upon which the deed was to be delivered to the appellants; and that thereafter the appellants fraudulently induced the bank to deliver the deed to them in violation of the terms and conditions of the escrow, and had the deed recorded, and thereby wrongfully claimed to be the owners of the land in question, and entered upon the possession of the same; with intent to wrong the grantor, sold and transferred the land to Jerry G. Adams, who thereafter claimed to be the bona fide purchaser for value of the same; and that because of the wrongful acts of the appellants, the grantor had been deprived of the ownership, use and occupation of said lands, and the crops, rents and emoluments arising therefrom. Joel Griffin, after the commencement of the suit, died and his widow, Devinia Griffin, as executrix of his estate, was substituted as plaintiff in the suit. The case thereupon proceeded to trial and there was a finding

and judgment of the court in favor of the appellants, which was reversed on appeal by this court, and the cause remanded for further proceedings. *Griffin v. Gay*, 223 Ill. App. 420. Upon reinstatement of the case in the court below, another trial was had by the court upon substantially the same evidence and proofs, which resulted in a finding and judgment in favor of the appellee and against the appellants, in the sum of $3,047.66 damages and costs of suit. This appeal is prosecuted from the last judgment.

The facts and evidence involved, which consist largely of written documents and communications between the parties and with the Minier Bank, are set out with particularity in the previous opinion of this court. The proofs made on the first hearing were not varied to any important extent by the additional testimony adduced in the last trial, at least in so far as the questions involved on this appeal are concerned. Joel Griffin, the original plaintiff in the case, resided at Iola, Kansas, and owned this tract of land of about 132 acres near Rockport, situated in the Sny Levee and Drainage District, and also within the Atlas Creek Sub-District. He entered into negotiations with the appellants for the sale of his land in December, 1918, and as a result of these negotiations and at their request he executed a warranty deed for his land, and about January 7, 1919, placed it in escrow in the Minier Bank at Rockport, the terms and conditions of the escrow being stated in his letter which accompanied the deed. This letter is as follows:

"Iola, Kansas, January 7, 1919.

"Minier Bank, Rockport, Illinois.

"Gentlemen: I enclose herewith warranty deed, signed and acknowledged by myself and wife, conveying to James C. Gay and Fred S. Gay, 132.07 acres in your county, the purchase price on the same to be $67 per acre, which I figure to be $8,848.69. They are to give me a mortgage for $4,000 and pay the balance in cash. You are hereby authorized to deliver the en-

closed deed to the purchasers upon their delivering note and mortgage for $4,000 covering the land conveyed, made payable to me, and payment of the balance, $4,848.69 in cash. Out of this cash payment you may deduct $9 for revenue on the deed and pay for continuing the abstract to date, and remit draft for the balance to me. The note and mortgage are to be written for a term of two years and bear interest at the rate of 6 per cent, payable annually.''

The terms of the escrow in reference to the giving of the mortgage were afterwards changed to require the amount represented by the mortgage to be paid in cash. After the bank had received the deed, appellants induced the bank to turn the deed over to them without complying with the conditions of the escrow. The amount of the purchase price required to be paid under the terms of the escrow was $8,848.69, but the appellants paid only the sum of $5,984.58, claiming the right to deduct from the amount of purchase price the sum of $2,551.87, the sum total of certain drainage assessments of the Atlas Creek Sub-District, which assessments, however, they did not pay off; but they immediately sold and transferred the land by deed to Jerry Adams for the sum of $10,000 and subject to the same assessments. It is insisted by the appellants that they had the legal right to deduct the amount of the drainage assessments referred to from the amount required to be paid under the terms of the escrow because these assessments, though not yet due and extending over a period of years, were a lien and an incumbrance upon the land conveyed to them by warranty deed; and because the warranty deed contained a covenant of warranty against incumbrances; and that even though they were not legally justified in deducting these assessments, that nevertheless they had the right to recoup the amount of the assessments against any amount recoverable by the appellee, because at the very moment they had received the Griffin warranty deed, he, as grantor, had incurred a liability

for a breach of the covenant of warranty against incumbrances. The latter claim is urged as the main ground for reversal of the judgment on this appeal, because the court refused to recognize this alleged right of recoupment. It is sufficient to point out, concerning this contention of appellants, that the alleged covenant of warranty never had any legal existence. It never became the covenant of Griffin, the grantor in the warranty deed. It is true that the warranty deed contains the covenant referred to, but the warranty deed never became legally effective, because the deed was never delivered by the grantor to the appellants. "It is the settled doctrine that the delivery of an escrow by the depositary to the grantee named therein, without a compliance with the conditions, is not a delivery with the assent of the grantor, and conveys no title." *Chicago & G. W. R. Land Co. v. Peck,* 112 Ill. 408, 447. The warranty deed in question, which the evidence shows the appellants obtained in violation of the terms of the escrow, never had legal force or effect as a deed, nor as an obligation, nor as a conveyance of title; it was invalidated by the wrongful act of the appellants. *Evans v. McKinney,* 308 Ill. 100. It is in the same legal category as if the signature of the grantor were forged. *Forcum v. Brown,* 251 Ill. 301; *Osby v. Reynolds,* 260 Ill. 576. Under these circumstances, it is apparent that the appellants are not in position to assert any rights under this deed, and that the court's rulings concerning appellants' claim were right and proper. And for the same reason the court properly refused to hold the propositions of law requested by the appellants, which were all based on the same erroneous assumption of right, and on the erroneous assumption that a valid covenant had been entered into between the parties. It might be well to add, in connection with appellants' contention concerning the amount of damages awarded, that this is not a suit to recover a balance due for purchase money, but to re-

cover damages for the wrongful act of appellants in surreptitiously obtaining possession of the Griffin deed, in violation of the conditions of the escrow under which it was placed, and obtaining it apparently for the purpose of making use of the deed for their own profit, and to the pecuniary detriment of grantor. The evidence fully sustains the amount of damages awarded. We find no error in the record and the judgment is therefore affirmed.

*Affirmed.*