(No. 23585.—)

ELSIE PASEDACH *et al.* Appellants, *vs.* MARTHA H. AUW *et al.* Appellees.

*Opinion filed October. 14, 1936—Rehearing denied Dec. 4, 1936.*

RATHJE & CONNOR, and FRANK N. THIESE, (OLIVER B. OPSAHL, of counsel,) for appellants.

OSCAR A. KNITTEL, for appellees.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

Elsie Pasedach and Pearl E. Thiese, appellants, filed their complaint in the circuit court of Cook county against the appellees, Martha H. Auw and Herbert W. Auw, seeking a decree declaring void, on account of fraud and material alteration, a deed made by Nicholas F. Auw, dated August 18, 1934, conveying his homestead at 750 Belden avenue, in Chicago, to the appellants and Martha H. Auw

as tenants in common. The appellants and the appellee Herbert W. Auw are the only children of the grantor. Martha H. Auw is the wife of Herbert W. Auw, who is an attorney at law.

The grantor, at the time of making the deed, was confined to his bed suffering with diabetes and gangrene in his foot and died five days later. For some time prior to the date the deed was signed, Nicholas F. Auw had been under the charge of a physician. He was being attended and nursed by his two daughters, the appellants, and by Valeda Thiese, a trained nurse and the wife of Frank Thiese, Jr., a son of the appellant Pearl E. Thiese. The decedent was a widower and at the time in question was living with his daughter Elsie Pasedach and her husband, John, in the first-floor apartment of the building on the premises in controversy. Frank Thiese, Jr., and his wife occupied the third-floor apartment of the same building. The three children of the grantor had been advised that their father could not long survive, and someone suggested that they have their father deed his property to save the expense of administering the estate. The deed was prepared in the grantor's home by the appellee Herbert W. Auw with the knowledge and consent of his two sisters and as originally written was a conveyance of the premises to the three children of the grantor as joint tenants. The deed was signed on August 18 and bears the usual certificate of acknowledgment certified on that day by James M. Parker, a notary public. In the lower left margin of the deed appear the typewritten words, "Witnesses to signature of Nicholas F. Auw," followed by the signatures of Frank H. Thiese, Jr., and Valeda Thiese. After the deed was first prepared, and before its recording, the name of Herbert W. Auw, as one of the three grantees was changed to Martha H. Auw, and the clause "as joint tenants," following the names of the grantees, stricken out and the phrase "as tenants in common" substituted. It is

admitted by Herbert W. Auw that these alterations were made by him. The trial court dismissed the complaint for want of equity. This appeal followed.

The subject of controversy in the trial court was, and also on review here is, whether the changes were made before or after the deed was executed.

The testimony given for the appellants tended to show that the alterations had not been made at the time the deed was signed. These witnesses consisted of appellants and their husbands and the son and daughter-in-law of the appellant Pearl E. Thiese. The appellants also introduced in evidence the testimony of two witnesses who qualified as experts. The substance of their testimony was, that the date "August 18, 1934," at the bottom of the deed, had been written at the same time, on the same machine, as the typewritten portion of the deed, exclusive of the admitted changes, and the document had not been removed from the machine during that operation. A qualified expert testified for the appellees to the effect that such date had not been typed at the same time as the typewritten portion in the body of the deed.

The testimony of the witnesses for the appellees was, in substance, that the deed had been prepared on August 15, signed on August 18 and the alterations made before the deed was signed. The notary, James M. Parker, who was an attorney, testified to the facts surrounding his taking the acknowledgment at the bedside of the grantor, Nicholas F. Auw, on August 18, and stated that on that occasion he asked the grantor particularly if he understood the conveyance was to Elsie Pasedach, Pearl E. Thiese and Martha H. Auw, to which inquiry the grantor answered in the affirmative. He was asked if it was his signature on the deed. He called for his glasses, and after putting them on made an inspection of the signature and declared that the signature was his. In addition to Parker's evidence, Virginia Goss, stenographer for Herbert W. Auw, testi-

fied to making the alterations in the deed at her employer's request. She stated the deed was then unsigned, so far as she could remember, and if it had been signed that fact would surely have impressed itself on her mind. Matthew Edward Wesala and Charles Wiederholz, who had worked with Herbert W. Auw, testified that they called at his office about a week or ten days before his father died. The stenographer at that time was making the changes in the deed. When Herbert came out where they were seated something was said about his father's illness. Herbert then stated he had a deed from his father, had just had it changed to name his wife, Martha, as one of the three grantees in place of himself, and exhibited the corrected deed to them. They noticed the names of his two sisters and his wife as grantees, and also observed the deed was then unsigned.

The master, after hearing all the evidence, made his report, finding, in substance, that the alterations in the deed had been made before it was signed or acknowledged by the grantor; that the deed was properly of record and the intention of the grantor was correctly expressed in the conveyance as made; that the equities of the case were with the defendants, and recommended the plaintiffs' complaint be dismissed for want of equity. His report was approved by the chancellor.

Subsequent to the entry of the decree the appellants filed a motion for an order vacating the decree and a petition to open the cause for the purpose of introducing newly discovered evidence. The petition set forth that the testimony of both Herbert W. Auw and James M. Parker showed that when Parker took the acknowledgment Herbert W. Auw had at that time introduced Parker to the grantor, Nicholas F. Auw; that on the day following the entry of the decree Frank H. Thiese discovered that Parker had taken the acknowledgment of Nicholas F. Auw on August 1, 1933, to the inventory in the estate of Nicholas F.

Auw's deceased wife, thereby showing that Parker had known Nicholas F. Auw about a year before the deed was executed. On a hearing on this motion and petition Herbert W. Auw testified that the year 1933 appearing on the inventory was a typographical error; that as shown it bore date twenty-one days prior to his mother's death; that his father returned from California about August 1, 1934, suffering from diabetes; that he went to see him the next day and his father told him to get the estate closed; that in compliance with his father's request he went to his office, prepared the inventory and asked his wife to take it to his father for his signature; that John Pasedach brought the inventory back with the signature of Nicholas F. Auw on it and asked Herbert to have it notarized; that he then asked Parker to notarize it, which he did without seeing his father; that Parker had then been in his office about a year but left in September, 1934. This evidence was not contradicted.

The petition also sought to show that undue influence had been used by the appellees to have the master make a report favorable to them. On this point Frank H. Thiese, who was also an attorney and the husband of Pearl E. Thiese, testified that about September 30, 1935, he went to the office of the master to pay him his fees and there had a conversation with him with reference to one Kostka, an attorney, who was then, and had been for several years, in the same office with Herbert W. Auw. The master told him on that occasion that he and Kostka were members of the State legislature, and one day in Springfield Kostka spoke to him about the case of Pasedach against Auw, and said to him, "Don't forget it when it comes up," and at a later time again reminded him of the case. This conduct was improper, and if made to influence the master deserved at least censure by the court. However, it is not shown that Herbert W. Auw prompted or inspired Kostka's action or that Auw had any knowledge of it or that it influenced

the master in any way. The prayer of the petition was properly denied by the chancellor.

The law of this State is that the unauthorized substitution of a grantee in a deed after its final delivery renders the deed void, (*Abbott* v. *Abbott,* 189 Ill. 488,) and the burden is upon the party who seeks the benefit of the deed as altered to show that the alterations were made prior to the execution and delivery of the instrument. *Hodge* v. *Gilman,* 20 Ill. 437; *Waggoner* v. *Clark,* 293 id. 256; *Hutchison* v. *Kelly,* 276 id. 438.

The witnesses testifying for the appellants and for the appellees were approximately the same in number, but the witnesses, excepting the experts, supporting the appellants' charges that the alterations in the deed were made subsequent to the time it was signed by the grantor were all persons interested directly or closely related to those immediately concerned in the result of the suit. Parker was a disinterested witness in so far as the record discloses, his only connection with the appellees shown by the record being that he had a desk in the office of Herbert W. Auw for about a year prior to the time the deed in question was made. No professional or business connection between them was shown. Parker's testimony was clear, detailed and convincing in character. On behalf of the appellees the witnesses Goss, Wesala and Wiederholz were not shown to be interested.

The evidence for the respective parties cannot be reconciled. The master in chancery saw the witnesses and heard them testify. It was his province in the first instance to determine the facts. While his finding of facts does not carry the same weight as the verdict of a jury, nor of a chancellor where the witnesses have testified before him, yet the master's findings are entitled to due weight on review of the cause. (*Keuper* v. *Mette,* 239 Ill. 586.) His conclusions as to the facts have been approved by the chancellor. In that situation we are not justified in disturbing

the findings unless they are manifestly against the weight of the evidence. *North Side Sash and Door Co.* v. *Hecht,* 295 Ill. 515; *Klekamp* v. *Klekamp,* 275 id. 98.

The determination by the chancellor that the alterations were made before the deed was signed, and that the grantor executed and acknowledged the deed with full knowledge that it was a conveyance of his property to the three grantees whose names now appear therein as tenants in common was well supported by the evidence, and we will not interfere with that conclusion.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*