(No. 25347.—

Louis J. Brainard *et al.* Appellees, *vs.* Gertrude Brainard *et al.*—(Charlotte Henrietta Farthing *et al.* Appellants.)

*Opinion filed April 10, 1940.*

Harry H. Talcott, guardian *ad litem,* (Frederick A. Brown, Lloyd C. Moody, and Edward G. Schultz, of counsel,) for appellants.

Bradburn & Dammann, and Robert N. Erskine, for appellees.

Mr. Justice Shaw delivered the opinion of the court:

The circuit court of Cook county entered a decree of partition in favor of the appellees who are the brothers, sisters, and widow of Charles Henry Brainard. The appellants seek a reversal of that decree on the ground that under section 18 of the Marriage act (Ill. Rev. Stat. 1939, chap. 89, par. 17a) they are his legitimate children.

The cause was referred to a master in chancery who heard the evidence and found that no marriage ceremony ever took place between the mother of the appellants and Charles Henry Brainard and the decree was entered in accordance with those findings.

Section 18 of the Marriage act provides: "Whenever persons attempt or have attempted to contract and be joined in marriage, and some form of marriage ceremony recognized by law has been performed in apparent compliance with the law in relation to marriage, and, pursuant to such attempt to contract and be joined in marriage, cohabit or have cohabited together as husband and wife, and there is issue born after the taking effect of this act as a result of such cohabitation, such issue is hereby made legitimate, and may take the name of the father, though such attempted marriage is declared void or might be declared void, for any reason."

It is conceded that Brainard acknowledged that appellants were his children and held out their mother to be his wife, but in order to bring them under the terms of the statute a form of marriage ceremony must have been performed. The evidence shows that Charles H. Brainard, an engineer, was married to Gertrude Gullickson June 20, 1900, but no children were ever born to them. They were never divorced and he was killed on March 8, 1937. She was suffering from some mental disorder and they did not live together but he provided a home for her and acknowledged her as his wife up to the time of his death. Laura Farthing, the mother of the appellants, was divorced from her husband in 1923. She testified that she was employed at the Scully Steel and Iron Company in Chicago in 1927 when she met Charles H. Brainard and saw him frequently thereafter. That on July 18, 1929, he took her to lunch at a Chicago hotel and proposed to her; that he said he had a marriage license and had a friend in St. Charles who was a justice of the peace. She further testified that they

drove to the Baker Hotel in St. Charles and there a man called "Judge" performed a marriage ceremony in the presence of two witnesses and they spent the night there. That she continued to work until January 15, 1930. On the other hand, she testified, at an insanity hearing of Gertrude Brainard, after the death of Charles Brainard, that she had married him in Rock Island or St. Charles, she was not sure which. An investigator for an insurance company testified that after he took a statement from her regarding Brainard's death she told him they were not married. All the justices of the peace of St. Charles township in 1929, testified that they had never performed a marriage ceremony between Laura Farthing and any person. The records of the county clerks of Cook, DuPage and Kane counties show that no license was issued to them from 1925 to 1929. The registration records of the Baker Hotel for July 18, 1929, were introduced in evidence and none of them bore Brainard's signature. Several letters that were written by her to Brainard in 1936 were introduced in evidence, in which she stated that she could not expect anything "out of a man that won't give his children a name," and "if you think all it takes to make one satisfied with life is your house to live in, enough to eat and be called Mrs. Brainard, you are mistaken."

There is additional evidence in the record with reference to the birth of the appellants and the life and actions of the parties after July 18, 1929, which is unnecessary for us to consider as it has no direct bearing on the issue of the marriage ceremony.

The master in chancery saw the witnesses and heard them testify and it was his province to determine the facts. While his findings do not carry the same weight as the verdict of a jury, nor of a chancellor where the witnesses have testified before him, yet the master's findings are entitled to due weight on review of the cause. (*Pasedach* v. *Auw*, 364 Ill. 491.) His conclusions as to the facts have

462

been approved by the chancellor. In that situation we are not justified in disturbing the findings unless they are against the weight of the evidence and we cannot say from the review of the record in this cause that the findings are against the weight of the evidence.

The appellees raise the question of the constitutionality of section 18 of the Marriage act, but since we approve the chancellor's finding of fact that no ceremony was ever performed, the act does not apply to the appellants and it is not necessary to decide that question. *Barrett Manf. Co.* v. *City of Chicago,* 259 Ill. 578.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*