Mildred Borovansky et al., Appellants, v. Marie Para et al., Appellees.

Gen. No. 41,212.

filed June 19, 1940.

. Joseph Lustfield, of Chicago, for appellants; Ode L. Rankin of Chicago, of counsel.

James Sorna, of Cicero, for appellees.

Mr. Justice Burke delivered the opinion of the court. On July 9, 1937, Barbara Cernik owned the improved real estate at 1329 South Scoville avenue, Berwyn, Illinois. She was then a widow. The property, consisting of two 25-foot lots, was originally purchased by Mrs. Cernik and her husband, who improved it with a 6-room frame cottage and a 2-car garage. The property was free and clear of incumbrances. She had six daughters, all of whom had reached their majorities and were married. Up to September, 1936, she had lived with one or more of the daughters in her own home. About that time one of the daughters, Mrs. Stella Jenschke,

who had lived with her mother during her entire life, purchased her own home, and Mrs. Cernik went to live with her daughter and son-in-law, Marie and Jerry Para in Downers Grove, Illinois. On July 9, 1937, Mrs. Cernik made, executed and delivered a warranty deed conveying the real estate to Marie and Jerry Para, as joint tenants, for a consideration of $10, which was actually paid. The deed was recorded. Mrs. Cernik continued to live at the home of Mr. and Mrs. Para until her death on February 4, 1938, at the age of 76 years. She left surviving as her heirs and next of kin six married daughters. Immediately after the burial of the mother, all of the daughters met at the home of Marie Para and there each received some mementoes that the mother had indicated she wanted them to have. Nothing was said at that time about the fact that the property had been conveyed. None of the five daughters knew of the conveyance until about two weeks after the death of the mother. On March 31, 1938, four of the daughters filed a complaint in the circuit court of Cook county, seeking to raise a constructive trust on the part of the grantees in favor of the other five daughters. The cause was referred to a master in chancery, who recommended that the complaint be dismissed for want of equity. Objections filed to the master's report were permitted to stand as exceptions. The court overruled the exceptions and entered a decree dismissing the complaint for want of equity at plaintiffs' costs. From the decree, plaintiffs prosecute this appeal.

Plaintiffs' theory of the case is that a fiduciary or confidential relationship existed between Mrs. Cernik and her daughter, Mrs. Marie Para; that no real consideration was paid by Marie and Jerry Para to Mrs. Cernik for the conveyance; that these facts, in addition to the fact that Mrs. Cernik was 76 years of age and in ill health, were such as to cause the conveyance of the real estate by Mrs. Cernik to Marie and Jerry Para to be a constructive trust on the part of the grantees in favor

of all the daughters. Defendants' theory is that the mother had the mental capacity to execute a conveyance and fully understood the effect of her action, and that there was no proof of domination or influence in procuring the execution of the deed.

The first point urged by plaintiffs is that equity will raise a trust by construction in an appropriate case. The second point presented by plaintiffs is that where a fiduciary relationship exists, the burden rests upon the grantee of an instrument executed during the existence of such relationship to show the fairness of the transaction, that it was equitable and just, and that it did not proceed from undue influence. *Suchy v. Hajicek,* 364 Ill. 502, 508. The defendants do not challenge these statements of law. As a final point, plaintiffs then proceed to argue that the record shows a fiduciary relationship existed, and that applying the law to the facts of the case a constructive trust should be raised in favor of all the daughters.

Defendants cite the case of *Decker v. Decker,* 324 Ill. 457, and *Burandt v. Burandt,* 318 Ill. 218, in support of the proposition that senility, eccentricity and even partial impairment of the grantor's mental faculties, are not grounds for setting aside a deed if the grantor had sufficient mind and memory to comprehend the nature and effect of the transaction and to protect her own interest. That this is the law, cannot be questioned. A person has a clear right to acquire property and dispose of such property. Therefore, there does not appear to be any real dispute as to the law governing the case. Hence it becomes necessary for us to consider whether the master's findings are supported by the record. For five years prior to her death, Barbara Cernik was ill. Dr. Allan Hruby testified that he knew Barbara Cernik during her lifetime; that he was her physician a short time prior to her death; that he attended her in July and August, 1937, and always treated her in his office in Chicago; that he was treat-

ing her for diabetes, arteriosclerosis, myocarditis, from which said ailments she was suffering through the whole of the year 1937; that her mental faculties were normal in 1937, although she was very much underweight, very emaciated, had irregular pulse and was very weak; that she always answered questions, and carried on a conversation with the doctor at his office; that her condition was caused by a severe case of diabetes; that he treated her with insulin to keep the diabetes in check; that he saw her sometimes once a week, sometimes every two weeks; that the last time he saw her was the latter part of 1937, that she spoke rationally on all occasions when he saw her and that she understood perfectly, and that he never saw her in a coma. On July 4, 1937, which was five days previous to the conveyance, Barbara Cernik visited one of her daughters, Anna Hetch, at Antioch, Illinois. She was driven out there by Anna. On that visit she walked about 100 feet to the beach, although she had to be led, and although on that visit she had weak spells, she did not faint. The youngest daughter, Stella Jenschke, one of the plaintiffs, visited her mother once every week, sometimes twice a week after 1936. She testified that her mother became very sick after she went to live with the Paras in Downers Grove, and that the mother was very friendly with all of the daughters. A daughter, Anna Hetch, testified that in 1926 she loaned her mother $1,350 which was used to put a concrete foundation under the bungalow in Berwyn, and for other repairs. The mother repaid $1,000 on account of this loan on July 2, 1930, leaving a balance due of $350. She repaid $200 of this amount on November 18, 1936, leaving a balance owing Anna Hetch of $150 and interest. The evidence further shows that Barbara Cernik had no property other than the real estate in Berwyn. Another daughter, Johanna Para (Marie and Johanna having married brothers), testified that on the occasion of the mother's visit at the home of Anna Hetch at

Antioch on July 4, 1937, the mother was able to be around; that she sat close to the beach; that she could hear well and see well and that she knew what was going on around her; that her mother told her she was fixing up things to be divided equally; that on that occasion she had all her faculties; that she saw her mother on the following Saturday, about July 10, 1937, which was the day following the date of the conveyance; that she found her mother lying on a bed in the living room; that her mother was pretty sick but that she knew her daughters and that everything was "right" in her mind. The daughter, Anna Hetch, testified that in October, 1937, she had a talk with her sister, Marie Para, concerning the property in question, and that Marie then told her that she had bought the property for $2,800, but that the mother was trying to get more money for the property; that on that occasion the witness and her husband stated to Marie Para that they intended to buy the property themselves and told Marie they had come to see her mother about buying the property. The lawyer, Frank Matousek, testified that the defendants, Marie and Jerry Para called at his office on July 9, 1937, and that pursuant to the conversation had with them he drove to the Para home in Downers Grove; that he then had a conversation with Barbara Cernik, and that pursuant to that conversation he prepared the deed; that the deed which was admitted in evidence, was in his handwriting; that it was signed in his presence and acknowledged before a notary public; that the consideration of $10 recited therein passed from the purchaser to the seller, in currency; that he subsequently recorded the deed and delivered it to the defendants, Marie and Jerry Para; that the deed was actually delivered from Barbara Cernik to Marie Para on July 9, 1937. The attorney Matousek also testified that Mrs. Cernik understood what he was saying; that he spoke to her about 30 minutes, and that she knew what he was saying and doing; that she showed him a

will that she took out of a tin box and he told her that she was at liberty to destroy it, and that she did destroy it in his presence; that she consulted with him and told him that she wanted to convey her property to Marie and Jerry Para; that at the time he called to make out the deed, Mrs. Cernik was lying on a couch; that she was resting; that she apparently had an ailment; that at the time of his conversation with Mrs. Cernik there was no one in the room but his client and himself. The defendant Marie Para testified that her mother came to live with her in August, 1936; that she looked after her mother and furnished her meals and a home; that she took her to the doctor in Chicago many times, the first occasion being in June, 1937, and the last occasion being in January, 1938; that she never saw her mother unconscious at any time; that on July 7th or 8th, 1937, the mother sent her down to attorney Matousek; that after Matousek came to the house, Matousek and her mother were in a conference; that witness was not present; that she was called in at the time the $10 was delivered to the mother; that there was no time during the month of July, 1937, that her mother had to lie down and stay in bed; that after July, 1937, her mother often left home on visits and social calls; that the witness and her mother frequently visited neighbors; that on August 28, 1937, witness and her mother went to a golden wedding, and that on September 30, 1937, they went to a bunco party; that on New Years Day, 1938, witness accompanied her mother to a sanitarium to visit another lady; that from January 17, 1938, she remained in bed until she died; that she was never in a coma; that she was of sound mind and that she always knew what she was doing. The master found that:

"Insofar as the Complaint charges that Marie Para prevailed upon and influenced her deceased mother to transfer title when she was seriously ill and in a semi-conscious condition, all of the evidence in this case

shows that Barbara Cernik, the deceased, was seriously ill with diabetes, but that she was not in a semiconscious condition; that notwithstanding her age, and serious physical condition, the said Barbara Cernik was at the time of making the conveyance, of sufficient mentality to understand and know, and did understand and know the nature of the transaction involved. The evidence further shows that the said Barbara Cernik freely, willingly and voluntarily conveyed the property in question to her daughter, Marie Para, and her son-in-law, Jerry Para, as joint tenants, and that she was not prevailed upon by the defendant, Marie Para, to do so. While there may have been a confidence reposed in Marie Para by her mother at the time of and prior to the conveyance in question, there is no evidence of a resulting domination and influence over Barbara Cernik on the part of the daughter, Marie Para. Certainly there was no legal evidence of undue influence in connection with the execution of the instrument. Also attorney Matousek's testimony shows the instrument to have been executed by the said Barbara Cernik with full knowledge of its nature and effect and to have resulted from the deliberate and voluntary action of Barbara Cernik, notwithstanding it gave the said Marie Para an apparent advantage over the other children of the deceased.

"Insofar as the Complaint charges that the conveyance was made by Barbara Cernik when she was recovering from a serious illness under the belief and conviction that she was conveying the property to the defendants, Marie Para and Jerry Para, her husband, in trust for the benefit of all her heirs, there is no evidence to support such allegation."

After carefully scrutinizing the record, we are of the opinion that the findings and recommendations of the master, which were approved by the chancellor, are supported by the record. The evidence shows that Barbara Cernik was of sound mind at the time she made

and delivered the deed; that she knew what she was doing; that she intended to convey the property to Marie and Jerry Para, and that no undue influence was exercised to induce her to make the conveyance. There is no support for the contention that the conveyance was made under the belief by Barbara Cernik that she was conveying the property to Marie and Jerry Para in trust for all of her daughters. The following statement by the Supreme Court in the case of *Brainard v. Brainard,* 373 Ill. 459, p. 461, is applicable:

"The master in chancery saw the witnesses and heard them testify and it was his province to determine the facts. While his findings do not carry the same weight as the verdict of a jury, nor of a chancellor where the witnesses have testified before him, yet the master's findings are entitled to due weight on review of the cause. (*Pasedach v. Auw,* 364 Ill. 491.) His conclusions as to the facts have been approved by the chancellor. In that situation we are not justified in disturbing the findings unless they are against the weight of the evidence and we cannot say from the review of the record in this cause that the findings are against the weight of the evidence."

For the reasons stated, the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.