Northern Trust Company, Appellee, v. **J. D. McDowall, Appellee. Carl A. Waldron, Appellant.**

**Gen. No. 41,166.**

Opinion filed November 4, 1940.

CATTELL & WALDRON, of Chicago, for appellant; W. SCOTT McDOWELL, of Chicago, of counsel.

TELLER, LEVIT, SILVERTRUST & LEVI, of Chicago, for appellee J. D. McDowall; LEON SILVERTRUST and H. J. GOLDBERGER, both of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

The Northern Trust Company as escrowee filed its complaint in interpleader asking for directions from the court as to the disposition of certain properties severally deposited with it by McDowall and the Orr Felt & Blanket Company; defendants filed answers, a reference was had to a master who took evidence and reported, recommending that the several properties be returned to the respective parties; exceptions were filed by Waldron (the assignee of the Blanket company's interests) and overruled and a decree was accordingly entered, from which he appeals.

The Orr Felt & Blanket Company had for many years employed McDowall as one of its salesmen under written contracts, paying him a commission for his services; the last contract expired in December, 1936, and the employment terminated; a dispute arose between the parties, McDowall claiming that he had not been paid all his commissions; that under the contracts of employment he was to receive commissions on all merchandise shipped into the territory that had been assigned to him exclusively and that the Blanket company had shipped merchandise into that territory for which he had received no commissions. Apparently, after much futile discussion the parties entered into an escrow agreement, which is as follows:

"Chicago, Illinois, February 11, 1937.
"LETTER OF ESCROW.
"Whereas, a dispute has arisen between Orr Felt & Blanket Company of Piqua, Ohio, and J. D. McDowall of Chicago, Illinois, with relation to commissions claimed to be due to McDowall under a series of written

contracts dated November 10th, 1931; December 8th, 1932; November 19th, 1934, and December 2nd, 1935, and

"Whereas, both parties are desirous of compromising said dispute, if possible, the parties hereto agree as follows:

"McDowall agrees to deposit with the escrowee named herein, a certified check for the amount due to Orr Felt & Blanket Company for samples furnished to and disposed of by McDowall, less the sum of Five Hundred Ninety-Five and 62/100 ($595.62) Dollars being the amount of acknowledged commissions due to McDowall for the month of December, 1936.

"The Orr Felt & Blanket Company agrees to deposit in this escrow, a statement of sales made, if any, to the following in McDowall's territory:

"Davidson Bros.—Detroit, Michigan
Kline Stores—Goshen, Indiana
Stampfer's (Brown Bros.)—Dubuque, Iowa
Levi Strauss—San Francisco, Calif.
Sears, Roebuck & Co. on orders taken in 1935 and shipped in 1936 on which McDowall has not been paid in 1% commission, namely, 3,864 blankets, and any other accounts for which McDowall is entitled to credit and has not been paid under his written contract.

"The deposits made herein and the information furnished to this escrow are without prejudice to the rights of either party and this escrow is established for the purpose of attempting to work out a compromise.

"If, at the end of fifteen (15) days from this date, the parties are in accord, so that additional commissions due to McDowall, if any, can be determined from the information in the escrow, and the accounts between the parties can be settled, the parties mutually agree that whichever one is required to deposit additional money in this escrow for the purpose of com-

promising all claims and difference, will make the deposit promptly within five (5) days from that date and the escrow agent is instructed to distribute the money accordingly; that is to say, money due to the Orr Felt & Blanket Company, if any, is to be paid to it as the result of settlement of the accounts and money due to McDowall, if any, is to be paid to him.

"If, at the end of fifteen (15) days from the date of this escrow letter, the parties are not in accord as to the settlement of accounts as herein outlined, the escrow agent is directed to return the contents of this escrow to the respective depositors, on the written demand of either party.

"The escrow agent is The Northern Trust Company of Chicago, Illinois.

"ORR FELT & BLANKET COMPANY,
"By CARL A. WALDRON, *Agent,*
"J. D. McDOWALL."

McDowall deposited the check referred to in the escrow agreement, amounting to $2,295.78, and Orr Felt & Blanket Company deposited a statement of sales made to certain parties in McDowall's territory.

The limit of 15 days within which the parties were to attempt to arrive at an agreement expired without any agreement being reached. There is some suggestion that the Blanket company through its attorney, Mr. Waldron, requested that additional time be given to reach an accord, but the parties failed to arrive at any compromise of their differences and in July, 1937, McDowall made a written demand upon the escrowee for the return to him of his deposit. August 2, the Blanket company made a demand on the escrowee for the money deposited by McDowall, claiming it was entitled to this as the statement filed by it with the escrowee had not been objected to by McDowall.

In July, 1938, McDowall filed a suit in the municipal court against The Northern Trust Company to recover

the amount deposited by him with it; August 26, 1938, Orr Felt & Blanket Company executed an assignment to defendant Waldron of all its interest in the cash and property held by the bank under the escrow agreement and Waldron demanded that this be given to him. In September of 1938, the complaint in interpleader was filed by The Northern Trust Company setting up the escrow agreement and the receipt by it of the money and property described and offering to turn over the same as directed by the court.

Defendant Waldron argues that he is entitled to everything deposited with the escrowee for the reason that McDowall made no formal objections to the statements of account filed by him with the escrowee, although he had a reasonable opportunity within which to express his objections, and therefore in law will be held to have waived any objections he may have had.

To this McDowall's reply is that the only question to be determined is the enforcement of the provisions of the escrow agreement; that this is very simple; that the agreement evidences that it was made for the purpose of giving time to both parties to compromise the matters in dispute between them, if possible, and that the deposits made were without prejudice to the rights of either party, and if at the end of 15 days from the date of the escrow agreement the parties were not in accord as to the settlement of accounts, "the escrow agent is directed to return the contents of this escrow to the respective depositors, on the written demand of either party."

We are in accord with this statement. Nothing is said or can be inferred from the terms of the contract of escrow that any issue at law or equity between the parties should be tried in this case. The contract was simply a move toward the direction of a settlement between the parties of their differences and it specifically provided, without any ambiguity, that if within the time stated the parties could not settle their dif-

ferences the property deposited should be returned to the respective depositors, leaving the parties in the precise situation as they were before the escrow contract was made.

In many cases it has been held that in a proceeding of this character it is not the province of the court to permit a general accounting between the parties. *Dyas v. Dyas,* 231 Ill. 367; *Chicago & G. W. R. Land Co. v. Peck,* 112 Ill. 408; *Griffin v. Gay,* 232 Ill. App. 39.

We do not find any claim by defendant Waldron in his brief that the parties did arrive at any voluntary agreement. In fact, a letter written by Waldron to McDowall assumes that the parties had not come together.

The escrow agreement provides that upon failure of the parties to settle their accounts the contents of the escrow shall be returned to the respective depositors "on the written demand of either party." The contract contains no time limit within which the demand must be made. However, the demand made by McDowall in July, 1937, for the return of his check, as the parties had not agreed, was within a reasonable time.

We shall not comment upon the respective arguments on the issue of an account stated. We can see no authority to go outside the terms of the escrow agreement, which did not submit to the court for determination the matters in dispute between the parties.

Orr Felt & Blanket Company were not made parties in the instant case and all their interest in the property deposited with the escrowee bank has been assigned to Waldron. This assignment conveys nothing more than the interest in the deposits, and Waldron has no interest in any other claim of the Blanket company against McDowall. The Blanket company assigns "all of its right, title and interest in and to the cash and property held by The Northern Trust Company . . . as escrowee under its Escrow." How, then, could

there be any trial in this case of any differences between the Orr Felt & Blanket Company and McDowall or any question be determined of any account stated between them?

The decree of the court ordering the return of the check of $2,295.78 to McDowall and the return to defendant Waldron of the documents deposited by him on behalf of Orr Felt & Blanket Company, is affirmed. There was virtually no dispute upon the salient and decisive facts as found by the report and the decree. It has been held in many cases that the findings of the master when approved by the chancellor will not be disturbed unless manifestly against the weight of the evidence. *Pasedach v. Auw,* 364 Ill. 491.

The decree further recited "that there may be an issue of law to be determined between the said defendants," and the court referred this issue to the law side of the court for determination and continued the present cause for the disposition of the issues on the law side of the court. This was entirely outside the intention of the parties when they entered into the escrow agreement, which was predicated solely upon a possible compromise of the differences.

The portion of the decree which orders the return to the respective depositors of the property deposited is affirmed, and the provision of the decree retaining jurisdiction for the disposition of the issues at law is reversed, with costs of this appeal to be taxed against the appellant.

*Affirmed in part, reversed in part.*

O'CONNOR, P. J., and MATCHETT, J., concur.